UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL KESELICA, Petitioner, | : | |
| v. | : | CA 06-448 ML |
| WARDEN MCCAULEY, ACI, and COMMONWEALTH OF VIRGINIA, Respondents. | : | |

**ORDER RE MOTIONS FILED BY PETITIONER**

Before the Court are the following motions filed by Petitioner Michael Keselica ("Petitioner"): Petitioner's Motion for the United States District Court of Rhode Island to Invoke Jurisdiction to Hear Petitioner's Petition for Habeas Corpus Subsection 2254 (Document ("Doc.") #2) ("Motion to Invoke Jurisdiction"); Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus (Doc. #3) ("Motion to File Successive Petition"); and Petitioner's Application to Proceed without Prepayment of Fees and Affidavit (Doc. #4) ("Application") (collectively the "Motions"). The Motions have been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[1]

---

[1] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

With regard to the Application, 28 U.S.C. § 1915(a)(1) requires the submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Petitioner has submitted the required affidavit. However, "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Petitioner has not submitted a copy of his prisoner trust fund account statement certified by an appropriate official at the Adult Correctional Institutions ("ACI"). Accordingly, **Petitioner's Application is denied without prejudice.** He may refile the Application with the required affidavit and certified copy of his prisoner trust fund account statement[2] or with the $5.00 filing fee.[3]

---

[2] Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 25, 1996, and codified at 28 U.S.C. § 1915(b)(1), "[n]otwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," id. The Act further provides that a prisoner seeking to file in forma pauperis must pay, as an initial filing fee, the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his petition. See id. Subsequently, a prisoner must pay monthly twenty percent (20%) of the previous month's balance in his account, which payments shall be collected and forwarded by the ACI to the Clerk of the Court each time the amount in Plaintiff's prisoner trust account exceeds $10.00, until

The Court will hold the Motion to Invoke Jurisdiction and the Motion to File Successive Petition in abeyance until November 10, 2006. If Plaintiff has refiled the Application in conformity with this Order by that date, the Court will direct Respondent McCauley, or the State of Rhode Island on his behalf, to file a response to the Motion to Invoke Jurisdiction and the Motion to File Successive Petition. If Petitioner has not, they will be denied.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 16, 2006

BY ORDER:

Deputy Clerk

the entire filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

[3] The filing fee for a petition for a writ of habeas corpus is $5.00. See copy of attached Fee Schedule.

# Welcome to the United States District Court District of Rhode Island

Monday, October 16, 2006

## Fee Schedule

(Effective April 10, 2006)

| Type of Fee | Cost |
|---|---|
| Filling fee, Civil case | $350.00 |
| Filling fee, Habeas Corpus | $5.00 |
| Filing fee, Miscellaneous case (i.e. Registration of Judgment in another District) | $39.00 |
| Filing fee, Notice of Appeal | $455.00 |
| Admission of Attorneys | $150.00 |
| Certification | $9.00 |
| Certificate of Good Standing & Duplicate Certificate | $15.00 |
| Check returned for lack of funds | $45.00 |
| Copy fees | .50/page |
| Docket Copy fees | .10/page |
| File Retrieval from Federal Records Center | $45.00 |
| Search of the Records | $26.00 |

**ALL CHECKS TO BE MADE PAYABLE TO**

**CLERK, U.S. DISTRICT COURT**

**United States District Court**
**for the District of Rhode Island**
**Clerk's Office**
**One Exchange Terrace**
**Federal Building and Courthouse**
**Providence, RI 02903**

**(401) 752-7200**

[ADR] [Attorney Admissions] [Court Calendars] [Clerk's Office]
[Contact Information] [Employment Opportunities] [Forms] [General Information]
[Historical Information] [Interpreter Service] [Juror Information]
[Opinions] [PACER] [Related Links] [Rules & Procedures]

---

Contact by Email: Webmaster@rid.uscourts.gov

**This Page was last updated:**
**Wednesday, April 19, 2006**