UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL KESELICA,<br>Petitioner<br>v.<br>WARDEN MCCAULEY, ACI<br>and COMMONWEALTH OF VIRGINIA<br>Respondents | CA 06-448 ML |

PETITIONER'S MOTION TO AMEND SUBSECTION 2254 PETITION FOR WRIT OF HABEAS CORPUS FILED ON OCTOBER 4, 2006

NOW COMES Petitioner, Michael Keselica, pro se, and moves this Court to allow Petitioner to Amend Petitioner's Subsection 2254 Petition for Writ of Habeas Corpus filed on October 4, 2006 in the above captioned case and in support thereof states the following:

1. On October 4, 2006, Petitioner mailed to this Court, postage paid first class, Petitioner's Subsection 2254 Petition for Writ of Habeas Corpus, CA 06-448 ML.

2. Petitioner unintentionally omitted the "Grounds for Habeas 2254 Review by this Court" passage from Petitioner's initial 2254 Petition filed on October 4, 2006.

GROUNDS FOR HABEAS 2254
REVIEW BY THIS COURT

The District Court may review a subsection 2254 habeas petition if the following conditions exist:

(a) on the ground that Petitioner is in custody in violation of the Constitution or laws or treaties of the United States;

(b)(i) exhaust state remedies;

(ii) absence of available state remedies; and

(iii) existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

On August 16, 2005, the Virginia Court of Appeals dismissed Petitioner's Appeal and on October 6, 2005, the Supreme Court dismissed Petitioner's Petition — 2254(b)(i).

Petitioner's current detention is in violation of the U.S. Constitution, it's law and treaties — 2254(a).

The grounds raised in Petitioner's subsection 2254 habeas petition filed on October 4, 2006 and Amended on October 24, 2006 are as follows:

1. Petitioner's Virginia embezzlement conviction on February 8, 1995 was contrary to the U.S. Constitution and the laws of this country, as Petitioner never set foot in Virginia before, during, or after the commission of his alleged crime. A prerequisite in our country [or, for that matter, in most other countries] is that in order to be subjected to prosecution by the laws of a state, one must be present in that state during the commission of a crime. This Constitutional prerequisite was violated by the Commonwealth of Virginia.

2. Petitioner's probation revocation and imposition of a suspended sentence on September 17, 1999 was contrary to the U.S. Constitution and the laws of this country as Petitioner was not given the opportunity to introduce evidence on his behalf to prove his innocence. Petitioner has a due process right,

however limited, in a VOP Show Cause Hearing to introduce evidence and call witnesses on his behalf. This Constitutionally protected right was denied and violated by the Commonwealth of Virginia.

3. Petitioner's arrest, on June 6, 2001, as a fugitive from justice from Virginia for an alleged violation of probation was contrary to Article IV, Subsection 2, Clause 2 of the U.S. Constitution and the Uniform Criminal Extradition Act — a treaty among states, also 18 U.S.C. subsection 3182.

4. Petitioner's arrest, on August 3, 2006, as a fugitive from justice from Virginia for an alleged violation of probation, after Petitioner successfully contested extradition on this same fugitive warrant, was contrary to Article IV, Sub-section 2, Clause 2 and the double jeopardy clause of the U.S. Constitution and the Uniform Criminal Extradition Act — a treaty among states, also 18 U.S.C. subsection 3182.

5. The submission of a perjured Requisition Affidavit by the Commonwealth of Virginia across state lines to the State of Rhode Island is violative of the Federal Criminal Code and the laws of the United States.

6. Further misrepresentations by the Office of the Attorney General of Rhode Island to the Governor of Rhode Island and the Rhode Island Courts positions that office as a co-conspirator and aider and abettor to Virginia's

federal criminal actions and violator of the laws of the United States.

As a result of the continued abuse of Petitioner's constitutional rights by the Commonwealth of Virginia and now the State of Rhode Island and the criminal actions of both these state entities, Petitioner remains incarcerated.

WHEREFORE, Petitioner respectfully moves this Court to Amend Petitioner's "Motion to File Successive Petition" to include the above cited facts with the original subsection 2254 Petition filed with this Court on October 4, 2006.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2006 a copy of the foregoing was mailed postage paid first class to Warden McCauley, ACI, P.O. Box 8249, Cranston, RI 02920.

[signature]

Michael Keselica