UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA,
Petitioner

v.

WARDEN MCCAULEY, ACI
and COMMONWEALTH OF VIRGINIA
Respondents

CA 06-448 ML

PETITIONER'S MOTION TO SUPPLEMENT

NOW COMES Petitioner, Michael Keselica, pro se and moves this Court to allow Petitioner to supplement Petitioner's Motion to File Successive Petition with the following additional argument:

6. The Commonwealth of Virginia did not have jurisdiction to indict and convict defendant for an offense committed wholly outside the Commonwealth of Virginia.

Argument 6 can be entertained by this Court pursuant to Walker v. Crosby, __F.3d__ No. 01-12491 (11th Cir. Aug 13, 200[illegible] and Sweger v. Chesney, 294 F.3d 506, 514-15 (3rd Cir. 2002). There, the courts noted that the one year statute of limitations in subsection 2244(d) did not apply to "claims". It applied only to applications. As the court noted:

"We recognize that subsection 2244(d)(1) as written allo[ws] for the resurrection of what seem to be time-barred claim[s] tagging along on the coattails of a timely claim. Neverth[e]less, Congress wrote the statute, and we cannot see how it

be read any other way without departing from the plain meaning of the words of the statute. The Supreme Court has advised that "[w]hatever merits ... policy arguments may have, it is not the province of this Court to rewrite the statute to accomodate them."

As Petitioner's Successive Habeas Petition 2254 was timely filed, Claim 6 is being resurrected after it was presented to the Supreme Court of Virginia on direct appeal, pursuant to Walker v. Crosby and Sweger v. Chesney, and refused on June 5, 1997.

Furthermore, Petitioner's conviction is being challenged as the allegations raised by Petitioner in Claims 1-5 are predicate upon (violation of probation show cause bench warrant) and ar a direct result of (release on habeas corpus after contesting extradition) the unconstitutionality of Virginia's appellate courts in not validating Petitioner's constitutional claim that the Commonwealth of Virginia never had jurisdiction over Petitioner in the first place.

WHEREFORE, for the facts presented above, Petitioner respectfully requests leave from this Court to supplement civil action no. 06-448 ML with Claim 6.

Respectfully Submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October, 2006 a copy of the foregoing was mailed postage paid first class to Warden McCauley, Warden, ACI, P.O. Box 8249, Cranston, RI 02920.

[signature]

Michael Keselica
Petitioner - Pro Se