UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL KESELICA,<br>Petitioner<br>v.<br>WARDEN MCCAULEY, ACI<br>and COMMONWEALTH OF VIRGINIA<br>Respondents | CA 06-448 ML |

**PETITIONER'S MOTION FOR CONDITIONAL RELEASE, OR BAIL, OR OTHER SURETY**

NOW COMES Petitioner, Michael Keselica, pro se, and moves this Court to either grant Petitioner: (1) his conditional release from the custodial effects (restraint on Petitioner's liberty) of Rhode Island Governor Donald Carcieri's Rendition Warrant, case no. KM-2006-00920, in the Superior Court for Kent County, Rhode Island; (2) bail; or (3) any other surety release that this Court deems appropriate, pending final disposition of civil action nos. CA 06-448 ML and 3:02 CV 575, and in support thereof states the following:

Pursuant to the facts, as stated in Petitioner's Motion for Stay (pages 1-9) and for those facts cited below, Petitioner respectfully requests his conditional release, or bail, or any other surety-based release that this Court deems appropriate pending litigation of civil action nos. CA-06-448 ML and 3:02 CV 575.

On October 4, 2006, Petitioner filed, in this Court, a subsection 2254 Habeas Petition challenging the denial of Petitioner's Motions

to Quash the June 6, 2001 and August 16, 2004 Bench Warrants originating from the Circuit Court for Fairfax County, Virginia and, with it, the unconstitutionality of Petitioner's Virginia embezzlement conviction.

On October 5, 2006, Petitioner was served with Rhode Island Governor Donald Carcieri's Rendition Warrant demanding Petitioner's return to Virginia as a fugitive from justice on a violation of probation Show Cause Bench Warrant.

Subsequently, also on October 5, 2006, Petitioner filed a petition for writ of habeas corpus in Kent County, Rhode Island Superior Court contesting extradition, case no. KM-2006-00920.

A United States District Court Judge or Magistrate has jurisdiction to set bail during habeas corpus proceedings.

In determining whether bail should be set, the following factors are applicable, namely: (1) the substantiality of the grounds; (2) the potentiality of release posing a threat to the community; (3) the petitioner's ties to the community; and (4) other circumstances, such as the severity of the sentence which might indicate there is a risk that the petitioner might flee the jurisdiction.

Petitioner submits the following in support of his conditional release, the setting of bail or any other type of surety-based release this Court deems appropriate.

## 1. Substantiality of Grounds

The grounds asserted in Petitioner's Petition for Writ of Habeas Corpus Subsection 2254 are substantial and compelling.

This is the fourth attempt by Virginia to extradite Petitioner on the same warrant. Two prior attempts were dismissed as a result of procedural defaults by Virginia. The third attempt was denied after a full habeas corpus hearing in Maryland during which the Circuit Court judge ruled that Petitioner was not a fugitive from justice and therefore not subject to extradition under the Uniform Extradition Act. In addition, the affidavit upon which the governor's warrant is based contains false statements and inaccuracies. Moreover, Petitioner does not qualify as a fugitive from justice and is not subject to extradition under 18 U.S.C. subsection 3182 and Article IV, subsection 2, clause 2 of the United States Constitution.

2. Threat to Community

Petitioner has no prior criminal history for any assault or violent behavior. His criminal history is limited to larceny-related offenses. Petitioner's last arrest on criminal charges dates back to 2001. Petitioner does not pose a danger to the community.

3. Ties to Community

Petitioner is a native of Rhode Island. Petitioner graduated from Rogers High School, Newport, Rhode Island in 1977 and received a Bachelor of Science degree in finance from the University of Rhode Island in 1982. After successfully contesting extradition proceedings in Maryland, Petitioner continued

to reside and work there. Petitioner was employed full-time at Marketing Research and Resources, Inc. as a quality control supervisor. On June 3, 2006, Petitioner's mother passed away, consequently, Petitioner moved to Rhode Island to help care for his father. Petitioner lived with his father at 18 Madeline Drive, Newport, Rhode Island. Within three days of his return to Rhode Island, Petitioner was employed full time at Newport Specialty Foods, Middletown, Rhode Island.

Petitioner's father is 70 years of age and suffers from high blood pressure, diabetes and a broken back. Petitioner's father shattered his L1 vertebrae two years ago and requires assistance in the course of his daily activities. Upon the death of Petitioner's Mother, Petitioner immediately left Maryland and relocated to Rhode Island to assist his father.

4. Severity of Sentence / Risk of Flight

Petitioner does not present a risk of flight. Having successfully contested extradition proceedings in Maryland, Petitioner is preparing to do the same in this State. However, in light of the facts presented by Petitioner in CA 06-448 ML, Petitioner will most likely not have to, as this Court should vacate either Petitioner's 1995 embezzlement conviction, the 1999 revocation of Petitioner's probation and with it the imposition of a 7 year sentence or dismiss the VOP Show Cause Bench Warrant for which Petitioner is currently contesting extradition. The existence of the Virginia detainer is incentive to attend all court appearances to ensure that it is permanently quashed. Leaving the state would simply expose Petitioner to the risk

of detention and extradition but would also negate the sole reason for Petitioner's relocation to Rhode Island — to care for his elderly father.

WHEREFORE, for the facts as presented above, Petitioner respectfully moves this Court to either grant Petitioner:

(1) his conditional release from the custodial effects — the restraint on Petitioner's liberty — of Rhode Island Governor Donald Carcieri's Rendition Warrant, pending final disposition of civil action nos. CA 06-448 ML and 3:02CV575; or

(2) bail; or

(3) any other surety-based release that this Court deems appropriate;

as Petitioner is being illegally held on a Governor's Warrant whose foundation is based on perjured affirmations but which also exposes Petitioner to the constitutionally-violative principle of double jeopardy.

Most importantly is that the claims raised by Petitioner in the present case before this Court directly impacts the illegal and criminal (perjured requisition affidavit) extradition attempt by Virginia currently in the Superior Court of Kent County, Rhode Island. A decision by this Court may well nullify any further extradition proceedings against Petitioner by the Commonwealth of Virginia.

• Federal court jurisdiction over person held by state authorities — The fact that the petitioner is held under the authority of a state cannot affect the power or jurisdiction of the proper federal court to inquire into the cause of his

commitment and to discharge him if he is restrained of his liberty in violation of the Constitution. Ex parte Royall 117 U.S. 241, 6 S.Ct 734 (1886)

Respectfully submitted,

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed postage paid first class to Warden McCauley, ACI P.O. Box 8249, Cranston, RI 02920, on October 30, 2006.

Michael Keselica

11:28