IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

MICHAEL KESELICA,
Petitioner
v.
WARDEN MCCAULEY, ACI
AND COMMONWEALTH OF VIRGINIA
Respondents

CASE NO. ____________

PETITIONER'S MOTION FOR FILING AUTHORIZATION

NOW COMES Petitioner, Michael Keselica, prose, and moves this Court to grant Petitioner's Motion for Filing Authorization of a successive 2254 habeas petition, case no. CA 06-448 ML, in the U.S. District Court for Rhode Island, and in support thereof states the following:

1. On October 4, 2006, Petitioner filed a Successive subsection 2254 Petition for Habeas Corpus in the U.S. District Court for Rhode Island, CA 06-448 ML, and a Motion to Invoke Jurisdiction of said Court.

2. On October 16, 2006, U.S. Magistrate Judge David L. Martin held said Motions in abeyance until November 10, 2006 pending submission by Petitioner of the $5.00 filing fee.

Petitioner's Motion for Filing Authorization is being filed pursuant to 28 U.S.C.S. subsection 2244(b)(2)(B)(i) to proffer facts that could not have been discovered previously

but if these facts were available previously would have vacated Petitioner's 1995 embezzlement conviction and the 1999 revocation of Petitioner's probation (see Petitioner's Motion to File Successive Petition, filed on 10/4/06, CA 06-448 ML, Motion to Supplement, filed on 10/23/06 and Motion to Amend, filed on 10/24/06).

Pursuant to Local Rule 22.2 of the First Circuit, Petitioner states the following:

22.2(a) Motion for Authorization enclosed.

22.2(1) Petitioner respectfully requests a [Successive 2254] Filing Authorization Application (if still needed). In lieu of formal application from this Court, Petitioner states the following in support thereof:

New facts, pursuant to 28 U.S.C.S. subsection 2244(b)(2)(B)(i), on original subsection 2254 claims, that:

1. The Commonwealth of Virginia did not have jurisdiction to indict and convict defendant for an offense committed wholly outside the Commonwealth of Virginia.
2. The September 17, 1999 revocation of Petitioner's probation and imposition of a 7 year sentence was rendered null and void, according to the actions of the Circuit Court for Fairfax County, Virginia — said actions reflect that Petitioner was placed back on probation, nullifying the imposition of the 7 year sentence.

These new facts are:

A. On June 4, 2004, Petitioner successfully contested extradition to Virginia, as a fugitive from justice from Virginia on a violation of probation show cause bench warrant.

B. If Petitioner could not be extradited from Maryland to

Virginia on the acts and crime alleged by the Commonwealth of Virginia, then the Commonwealth of Virginia did not have jurisdiction to indict, prosecute and convict Petitioner, as the Commonwealth of Virginia could not meet the extradition test of identifying Petitioner in that State.

c. On August 3, 2006, Petitioner was arrested again (4th time) as a fugitive from justice from Virginia on a VOP Show Cause Bench Warrant and contested extradition again (3rd time).

D. On October 5, 2006, Petitioner was arrested under a Governor's Warrant. The Commonwealth of Virginia submitted a perjured requisition affidavit again (one of Petitioner's habeas issues in 2004).

The balance of the requirements (documentation from previous 2254 habeas filing) of the First Circuit Local Rule 22.2(a)(2) (A)-(E) have been ordered (twice) but still have not been received by Petitioner.

Furthermore, there are extraordinary circumstances that require the granting of Petitioner's Successive 2254 habeas petition:

1. Charged as a fugitive four (4) times but who is not a fugitive for allegedly violating the terms of his probation and has conclusively proven as such, despite an inopposite position by a U.S. Magistrate Judge in his September 15, 2003 Opinion.
2. Already successfully contested extradition - double jeopardy/res judicata, proving the erroneous dismissal of Petitioner's habeas claims on September 15, 2003.
3. Denied bail based on criminal and willful misrepresentations by the Office of the Attorney General for Rhode Island and the Office of the Commonwealth Attorney for Fairfax County, Virginia.

4. Illegally held because of a federal crime committed by the state demanding Petitioner's return (Virginia) and assisted by the asylum state where Petitioner is currently incarcerated (Rhode Island) — violation of 18 subsection 1001(a)(2) and (3) of the Federal Rules of Criminal Procedure.
5. A total of nine (9) prejudicial "Magistrate Errors" in the September 15, 2003 Opinion dismissing Petitioner's 2254 habeas petition.

Finally, these new facts raise this new claim (among others previously submitted to the U.S. District Court for Rhode Island, CA 06-448 ML):

If Petitioner could not be extradited from Maryland to Virginia on the acts and crime alleged by the Commonwealth of Virginia, then the Commonwealth of Virginia did not have jurisdiction to indict, prosecute and convict Petitioner, as the Commonwealth of Virginia could not meet the extradition test of identifying Petitioner in that State.

WHEREFORE, Petitioner respectfully requests this Court to authorize the U.S. District Court for Rhode Island to allow Petitioner's successive 2254 Petition, CA 06-448 ML, to go forward, as soon as possible, as Petitioner is being illegally incarcerated.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920