UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA,
Petitioner
v.
WARDEN MCCAULEY, ACI
and COMMONWEALTH OF VIRGINIA
Respondents

CA 06-448 ML

PETITIONER'S MOTION FOR STAY AND/OR
SUSPENSION OF THE RESTRAINT ON PETITIONER FROM RHODE ISLAND
GOVERNOR DONALD CARCIERI'S RENDITION WARRANT

NOW COMES Petitioner, Michael Keselica, pro se and moves this Court to issue a stay to any further proceedings in case no. KM-2006-00920 in the Superior Court for Kent County, Rhode Island and with it the conditional release of Petitioner, Michael Keselica, and/or suspension of the restraint on Petitioner from Rhode Island Governor Donald Carcieri's Rendition Warrant, pending final disposition of civil action nos. CA 06-448 ML and 3:02CV575, and in support thereof states the following:

On October 4, 2006, Petitioner filed several motions in this Court, specifically Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus ("Motion to File Successive Petition"); Petitioner's Motion for the United States District Court of Rhode Island to Invoke Jurisdiction to Hear Petitioner's Petition for Habeas Corpus Subsection 2254 ("Motion to Invoke Jurisdiction"); and Petitioner's Application to Proceed without Prepayment of Fees and Affidavit ("Application").

This Court denied Petitioner's Application without prejudice, stating that Petitioner "may refile the Application with the required affidavit and certified copy of his prisoner trust fund account statement or with the $5.00 filing fee." The $5.00 filing fee was mailed on October 23, 2006.

On October 25, 2006, Petitioner filed, in the U.S. District Court for the Eastern District of Virginia, Petitioner's Motion to Re-Open Civil Action No. 3:02CV575 For Review by a United States District Court Judge.

Petitioner is attempting to re-litigate the revocation of his probation and imposition of a 7 year sentence on September 17, 1999. Petitioner's Virginia probation was revoked for the failure to be truthful to his Maryland Probation Officer and because Petitioner missed several restitution payments. This 7 year sentence was imposed without letting Petitioner introduce evidence on his behalf to prove his innocence.

In light of Petitioner's current extradition fight as an alleged fugitive from justice from Virginia for violating the terms of his probation based on an Amended[1] June 6, 2001 Show Cause Bench Warrant, issued on August 16, 2004 and Petitioner's successful extradition fight on June 4, 2004 as a fugitive from justice from Virginia for allegedly violating the terms of his probation, the following question begs an answer:

Was Petitioner's probation revoked on September 17, 1999 and 7 year sentence imposed or not?

Based on the fact that this is Petitioner's 4th arrest on the same probation warrant (and 3rd extradition fight), it would seem that this 7 year sentence was voided by the issuance of this Show Cause Bench Warrant — the basis of several of Petitioner's

[1] The June 6, 2001 Bench Warrant was amended, allegedly, on August 16, 2004 (Petitioner's attorney was never given a copy of this Warrant — only the August 16, 2004 Bench Warrant stating that Petitioner has a 7 year sentence to serve), Petitioner determined, due to 3 typographical errors in the original June 6, 2001 Warrant.

habeas claims currently before this Court, CA 06-448 ML ("Successive Petition").

Furthermore, not only did Virginia submit this Amended June 6, 2001 Show Cause Bench Warrant, re-dated August 16, 2004 as part of Virginia's requisition documents but they also submitted a Bench Warrant, also dated August 16, 2004, for Petitioner's appearance to begin serving a 7 year sentence.

## CURRENT PROCEEDING

## FACTS BEHIND PETITIONER'S MOTION FOR STAY AND/OR SUSPENSION OF THE RESTRAINT ON PETITIONER FROM RHODE ISLAND GOVERNOR DONALD CARCIERI'S RENDITION WARRANT

1. On June 4, 2004, Petitioner successfully[2] contested extradition to the Commonwealth of Virginia, in Maryland, as an alleged fugitive from justice for violating the terms of his Virginia probation on a June 6, 2001 VOP Show Cause Bench Warrant.

2. On June 24, 2004, Petitioner wrote to then Virginia Governor Mark Warner alleging constitutional abuse by the Circuit Court for Fairfax County, Virginia and that Court's continual pursuit of Petitioner on a wrongful warrant for a violation of probation, when Petitioner's probation was terminated on September 17, 1999 by Order of the Circuit Court for Fairfax County, Virginia was illegal and needed intervention on behalf of his

[2] One of the habeas grounds raised by Petitioner was the fact that the Commonwealth Attorney's Requisition Application, which generated the Virginia Governor's Requisition Warrant, contained perjured affirmations.

Office.

3. As a result of Petitioner's letter to Virginia Governor Warner, the Circuit Court for Fairfax County, Virginia issued a new warrant, dated August 16, 2004, for Petitioner to begin serving a 7 year sentence, imposed on September 17, 1999, when Petitioner's probation was terminated and, additionally, that Court re-issued their June 6, 2001 VOP Show Cause Bench Warrant by Amending three typographical errors and re-dating said Warrant to August 16, 2004 – Petitioner's letter to Virginia Governor Warner must have hit a nerve.

4. On March 10, 1995, Petitioner filed two (2) motions in the Circuit Court for Fairfax County, Virginia – Defendant's Motion to Quash the June 6, 2001[3] VOP Show Cause Bench Warrant and Defendant's Motion to Quash the August 16, 2004 Bench Warrant. Both Motions were denied by the trial court and Petitioner exhausted his state remedies on October 6, 2005.

5. On June 3, 2006, Petitioner moved back to Rhode Island after his Mother passed away to care for his Father.

6. On August 3, 2006, Petitioner was stopped by a Rhode Island State Trooper on his way home from work for a lane violation and a

[3] This VOP Bench Warrant was Amended and then allegedly re-issued on August 16, 2004. Petitioner questions the fact that this Bench Warrant was actually signed and dated on August 16, 2004 or if in fact, it was actually signed at a later date but backdated, since the trial court stated that no other warrant was forthcoming at an August 9, 2004 hearing.

subsequent NCIC check revealed Virginia's August 16, 2006 VOP Show Cause Bench Warrant. Petitioner was then arrested as a fugitive from justice from Virginia for allegedly violating the terms of his probation (4th time) and consequently contested extradition for the 3rd time.

7. On August 21, 2006, Petitioner wrote to Virginia Governor Timothy Kaine, advising the Governor that a requisition application would be forthcoming from the Commonwealth Attorney for Fairfax County, Virginia to extradite Petitioner from Rhode Island to Virginia. Petitioner further stated to Governor Kaine that a previous requisition application from that same Office on February 19, 2004 contained perjured affirmations and that this forthcoming requisition application may also contain perjured affirmations, specifically, the fact that the Commonwealth Attorney may again state, and has stated previously, that:

> "No other application has been made for a requisition for the said fugitive growing out of the same transaction herein alleged."

among other perjured affirmations. (See Exhibit A)

8. On August 25, 2006, Petitioner then wrote to Rhode Island Governor Donald Carcieri and advised the Rhode Island Governor that a Requisition Warrant would be forthcoming from the Commonwealth of Virginia for the extradition of Michael Keselica and Petitioner further apprised Rhode Island Governor Carcieri that Virginia's Requisition Warrant would be based on perjured affirmations, as it was for Virginia's requisition extradition request to Maryland, for Petitioner, in 2004. Petitioner requested a Governor's Extradition

Hearing to set forth these facts, in tandem with any investigation by the Office of the Attorney General for Rhode Island, as requested by the Office of the Governor of Rhode Island (See Ex B) (A). The response back to Petitioner from Rhode Island Governor Carcieri's Executive Counsel was that there was nothing that the Governor could [or would] do (Letter dated 9/14/06 - See Ex. C)

9. On October 5, 2006, Petitioner was served with Rhode Island Governor Carcieri's Rendition Warrant and, with it, Virginia's Requisition Documents. True to Petitioner's word, Virginia's Governor's Requisition Warrant was issued based on a perjured requisition application from the Commonwealth Attorney for Fairfax County, Virginia. Specifically, line items:

1. "The full name of the fugitive for whom extradition is asked is Michael George Keselica, who was in the State of Virginia at the time of the commission of the said crime."
   - Not true and the Commonwealth Attorney knows this as they argued during my 1995 trial that even though Petitioner never set foot in Virginia to commit his crime, Virginia derived jurisdiction over Petitioner when Virginia's investigating detective succeeded in getting Petitioner to cross state lines under threat by that Virginia detective that he would come to Petitioner's house in Maryland and arrest Petitioner in front of his wife and daughters. Petitioner's 1995 case is now Virginia case law — see Keselica v. Commonwealth, 24 Va. App. 115, 480 S.E. 2d 756 (1997).

5. "No other application has been made for a requisition for the said fugitive growing out of the same transaction herein

alleged."

- Not true and the Commonwealth Attorney knows this as this was one of the grounds raised by Petitioner at his habeas hearing in Maryland on June 4, 2004, which resulted in Petitioner's extradition release. Petitioner can only speculate as to Virginia's continued false affirmation to this fact (3rd time) — is it because the Virginia Governor would not then issue his Requisition Warrant knowing that other previous applications had been applied for but which had failed as a matter of law and fact; or is it to attempt to deny Petitioner documentation/evidence for Petitioner's valid claims of res judicata and double jeopardy?

7. "This application is not made for the purpose of enforcing the collection of a debt..."

- Not true. A motion was filed on November 3, 2005 for hearing on November 18, 2005 to seek enforcement of a civil judgment entered against Petitioner on September 17, 1999. This is the sole issue outstanding in the case for which Virginia is seeking the extradition of Petitioner.

Among other false affirmations. (See Ex. D)

10. On October 18, 2006, a hearing was held on Petitioner's Motion for Bail in the Superior Court for Kent County, Rhode Island. Petitioner's Motion was denied by that Court based, in whole, on misrepresentations made by the Office of the Attorney General for Rhode Island, following, in suit, the perjured affirmations made by Virginia in their Requisition Affidavit. This Motion follows.

11. On October 20, 2006, Petitioner submitted to the Office of the Governor of Rhode Island, Petitioner's request to "Recall Governor's Warrant."

## THE GROUNDS FOR GRANTING PETITIONER'S MOTION FOR STAY

This Court has the jurisdiction[4] necessary to stay the current extradition proceeding pending in the Superior Court for Kent County, RI, case no. KM-2006-00920 but, most importantly, the justification[5] needed to stay a state court extradition proceeding that is moving forward on an interstate perjured Requisition Affidavit.

The grounds for granting Petitioner's Motion for Stay are significant and compelling:

A. Misconduct of State Officials [in Petitioner's current case it is the Office of the Commonwealth Attorney for Fairfax County, Virginia and the Office of the Attorney General for Rhode Island] is a circumstance warranting federal intervention, the granting of Petitioner's Motion for Stay, without the

[4] Extradition is an executive function - not a judicial function, therefore, Petitioner exhausted his state remedies when he notified RI Gov. Carcieri of a federal crime being committed by the demanding state and the Governor's Executive Counsel responded back, albeit a grossly negligent response back.

[5] Federal court jurisdiction over person held by state authorities. The fact that the Petitioner is held under the authority of a state cannot affect the power or jurisdiction of the proper federal court to inquire into the cause of his commitment and to discharge him if he is restrained of his liberty in violation of the Constitution. See Ex parte Royall 117 U.S. 241, 6 S. Ct 734 (1886).

exhaustion of state remedies.

B. Successfully contested extradition already on the same issue and claim – double jeopardy and res judicata applies (see U.S. Supreme Court cases Bassing v. Cady, Collins v. Loisel, U.S. v. Morse, etc.) (See Exhibit F)

C. A review of the habeas claims raised by Petitioner in CA 06-448 ML would negate the current extradition proceeding against Petitioner.

D. Need to be released to care for my Father.

E. Am currently illegally incarcerated based on misconduct of state officials [and B-C].

F. Petitioner's current petition before this Court has merit.

The granting of Petitioner's Motion to Stay would not be prejudicial to either State (VA or RI), as Petitioner moved to Rhode Island to care for his Father and would continue to do so at 18 Madeline Drive, Newport, RI and Petitioner would continue to work at Newport Specialty Foods, Aquidneck Ave, Middletown, RI – Petitioner can be re-arrested at any time upon the Governor's Warrant. Most importantly, Petitioner's conditional release on a Stay issued by this Court, would suspend the continued illegal incarceration of Petitioner based, in part, on criminal representations made by the demanding state and furthered by the asylum state, pending review of Petitioner's habeas claims.

Finally, even the demanding state (Virginia) granted Petitioner an appeal bond during the pendancy of Petitioner's appellate arguments in that state and returned said appeal bond based on Petitioner's good behavior and Petitioner's ability to abide by the appeal bond's terms and conditions. (See Ex. E)

WHEREFORE, Petitioner respectfully moves this Court to issue a stay to any further proceedings in case no. KM-2006-00920, in the Superior Court for Kent County, RI, pending final disposition of CA 06-448 ML and civil action no. 3:02cv575 and, during such stay, the conditional release of Petitioner.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2006 a copy of the foregoing was mailed postage paid first class to Warden McCauley, ACI, P.O. Box 8249, Cranston, RI 02920

[signature]

Michael Keselica