**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MICHAEL KESELICA,** :
**Petitioner,** :
:
**v.** : **C.A. No. 06-448 ML**
:
**WARDEN MCCAULEY, ET AL.,** :
**Respondents.** :

**OBJECTION TO PETITIONER'S REQUEST FOR PERMISSION TO FILE A SUCCESSIVE SUBSECTION 2254 PETITION FOR WRIT OF HABEAS CORPUS**

For all of the reasons discussed in its accompanying memorandum of law, designated party/respondent State of Rhode Island objects to Petitioner's Request For Permission To File A Successive Subsection 2254 Petition For Writ Of Habeas Corpus.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: November 29, 2006

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 29th day of November, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of this Objection to be sent to the following by first class mail on November 29, 2006:

Michael Keselica
A.C.I.
P.O. Box 8249
Cranston, RI 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL KESELICA,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **C.A. No. 06-448 ML** |
| | : | |
| **WARDEN MCCAULEY, ET AL.,** | : | |
| **Respondents.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PETITIONER'S REQUEST FOR PERMISSION TO FILE A SUCCESSIVE <u>SUBSECTION 2254 PETITION FOR WRIT OF HABEAS CORPUS</u>**

## I. INTRODUCTION

Now comes the State of Rhode Island, by and through its attorneys, and objects to Petitioner Michael Keselica's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus ("Request"). As discussed more fully in the State's Memorandum of Law in Support of Objection to Motion to Invoke Jurisdiction, filed simultaneously herewith, this Court lacks jurisdiction over any habeas petition, second or successive or otherwise, that the Petitioner might file. Even if this Court did have jurisdiction, however, it cannot entertain the instant Request as the United States Code states that any such motion shall be filed "in the appropriate court of appeals." 28 U.S.C. § 2554(b)(3)(A).

## II. BACKGROUND

A more thorough recitation of the facts and procedural history giving rise to the instant Request is contained in the State's Memorandum of Law in Support of Objection To Motion To Invoke Jurisdiction, which the State incorporates herein by reference. For purposes of the instant Request, there are only a few relevant and material facts, none of which the Petitioner would appear to dispute based on factual assertions contained in the Petitioner's various filings:

1. In 2002, the Petitioner petitioned the United States District Court for the Eastern District of Virginia for a writ of habeas corpus, alleging that both a 1995 embezzlement conviction and 1999 probation violation adjudication were unconstitutional. *See* Request at 1; Exhibit 1.

2. The Virginia federal court denied the Petitioner's habeas petition on September 15, 2003, *see* Request at 1, 2; Petition For Writ Of Habeas Corpus Subsection 2254 at 1; Petitioner's Motion To Invoke Jurisdiction at 2; and the United States Court of Appeals for the Fourth Circuit affirmed this denial in an unpublished decision dated June 3, 2004, *see* Keselica v. Stouffer, 100 Fed. Appx. 142 (4th Cir. 2004) (Exhibit 2); Exhibit 1.

3. The Petitioner filed a Petition For Writ Of Habeas Corpus Subsection 2254 in this Court on or about October 11, 2006, challenging, among other things, the constitutionality of both his 1995 embezzlement conviction and 1999 probation violation adjudication.

4. The Defendant did not receive permission from any circuit court to file the instant Petition for Writ of Habeas Corpus prior to filing it, but, instead, seeks permission from this Court in his Request.

## III. ARGUMENT

This Court need not and should not tarry in denying this Request. The Petitioner concedes that he previously filed a Petition for Writ of Habeas Corpus in the Eastern District of Virginia challenging his embezzlement conviction and probation violation adjudication. The Petitioner further concedes—and a court docket and unpublished decision from the Fourth Circuit confirm—that the Virginia district court denied that petition on September 15, 2003, and declined to issue a certificate of appealability. *See* Exhibits 1 & 2. The Fourth Circuit rejected the Petitioner's appeal on June 3, 2004. *See* Exhibits 1 & 2.

Title 28, section 2254(b)(2) mandates the dismissal of a "second or successive" petition for writ of habeas corpus challenging the constitutionality of a state conviction unless the applicant either (1) shows that the claim relies on a new rule of constitutional law[1] or (2) relies

[1] The Supreme Court must have made the new rule of constitutional law retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(b)(2)(A).

on facts that the applicant could not have discovered through reasonable due diligence and clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. *See* 28 U.S.C. § 2254(b)(2). Moreover, § 2254(b)(3) limits the instances in which a person in state custody can even file such a petition—it is well settled that "state prisoners cannot file second or successive federal habeas petitions as a matter of right." Rodwell v. Pepe, 324 F.3d 66, 68 (1st Cir.), cert. denied, 124 S. Ct. 224 (2003). To the contrary, a state prisoner must obtain permission from the "appropriate court of appeals" to file such a petition. 28 U.S.C. § 2254(b)(3)(A); ***see also*** Felker v. Turpin, 518 U.S. 651, 657 (1996); Rodwell, 324 F.3d at 68.

There is nothing in § 2254(b)(3)(A) that can even remotely be interpreted as vesting this Court—or any district court—with the authority to permit the filing of a second or successive petition. As the Petitioner has not obtained the authority from "the appropriate court of appeals" to file this most recent habeas petition,[2] this Court must deny the instant Request.[3]

---

[2] The State would submit that the "appropriate court of appeals" in this case would be the United States Court of Appeals for the Fourth Circuit.

[3] The State acknowledges that the Petitioner's habeas petition would only be "second or successive" to the extent that he challenges the constitutionality of his embezzlement conviction or probation revocation adjudication. If this Court had jurisdiction over the habeas petition as a whole, and the State asserts that it does not, it might be able to adjudicate claims that the Petitioner could not have raised in his initial habeas petition. Indeed, several circuits have held that a petition challenging a prison release date or denial of parole should not be considered to be a second or successive petition when the petitioner could not have raised that issue in his or her initial petition. *See* James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002) (petition alleging miscalculation of conditional release date not "second or successive" because claim could not have arisen when first petition filed); Hill v. Alaska, 297 F.3d 895, 898-99 (9th Cir. 2002) (petition alleging mandatory parole not "second or successive" because issue could not have been included in earlier petitions); Crouch v. Norris, 251 F.3d 720, 724-25 (8th Cir. 2001) (proposed challenge to execution of sentence not deemed "second or successive" because petitioner could not have raised parole-related claims in his first habeas petition); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (petition alleging that Parole Commission improperly refused to terminate supervision of parole unaffected by apparatus channeling successive collateral attacks).

## IV. CONCLUSION

For all of the reasons discussed above, this Court should deny the Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: November 29, 2006

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 29th day of November, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of this Objection to be sent to the following by first class mail on November 29, 2006:

Michael Keselica
A.C.I.
P.O. Box 8249
Cranston, RI 02920

/s/ Christopher R. Bush