**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL KESELICA,** | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 06-448 ML** |
| | **:** | |
| **WARDEN MCCAULEY, ET AL.,** | **:** | |
| **Respondents.** | **:** | |

**OBJECTION TO MOTION TO INVOKE JURISDICTION**

For all of the reasons discussed in its accompanying memorandum of law, designated party/respondent State of Rhode Island objects to Petitioner Michael Keselica's Motion For The United States District Court Of Rhode Island To Invoke Jurisdiction To Hear Petitioner's Petition For Habeas Corpus Subsection 2254.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: November 29, 2006

**Certificate of Service**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 29th day of November, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of this Objection to be sent to the following by first class mail on November 29, 2006:

Michael Keselica
A.C.I.
P.O. Box 8249
Cranston, RI 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL KESELICA,** | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 06-448 ML** |
| | **:** | |
| **WARDEN MCCAULEY, ET AL.,** | **:** | |
| **Respondents.** | **:** | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>OBJECTION TO MOTION TO INVOKE JURISDICTION</u>**

## I. INTRODUCTION

Now comes the State of Rhode Island, by and through its attorneys, and objects to Petitioner Michael Keselica's Motion For The United States District Court Of Rhode Island To Invoke Jurisdiction To Hear Petitioner's Petition For Habeas Corpus Subsection 2254 ("Motion"). As discussed more fully below, this Court does not have, and cannot exercise, jurisdiction over a habeas petition challenging the constitutionality of a Virginia conviction or parole violation adjudication. This Court should therefore deny the instant Motion and dismiss the Petitioner's habeas petition.

## II. BACKGROUND

The following is a recitation of the facts and procedural history that the State prepared based on court documents that are either publicly available or that Virginia Governor Timothy M. Kaine sent to Rhode Island Governor Donald L. Carcieri as part of an August 28, 2006, request for the Petitioner's extradition. The State includes this information for the Court's edification and to clarify the factual background and procedural posture of this case. The

Petitioner seemingly acknowledges most, if not all, of these facts based on the factual assertions included in the various documents that he filed in this case.

On February 8, 1995, Petitioner Michael Keselica pleaded guilty to felony embezzlement charges in the Circuit Court of Fairfax County. *See* Exhibit 1. A complete recitation of the facts underlying this conviction may be found in Keselica v. Commonwealth, 480 S.E.2d 756 (Va. Ct. App. 1997). In sum, the Petitioner apparently used money that two friends entrusted him with to invest to support a drug addiction. Id. at 756-57.

On April 21, 1995, the Fairfax County Circuit Court sentenced the Petitioner to twelve (12) years at the Virginia Department of Corrections, thirty (30) months to serve, the balance suspended with eight (8) years of probation. *See* Exhibit 2. The circuit court further ordered that, as special conditions of his probation, the Petitioner successfully complete drug testing and counseling, participate in an aftercare program, and pay restitution in accordance with a court-approved restitution plan. *See* id. The court subsequently granted the Petitioner's motion to reconsider this sentence, and, on or about June 16, 1995, reduced the time to serve component of the sentence to one (1) year and three hundred sixty-four (364) days. *See* Exhibit 3. All other terms and conditions of the original sentence remained in full force and effect. *See* id.

On September 17, 1999, the Commonwealth of Virginia presented the Petitioner as a probation violator because he failed to make certain restitution payments pursuant to the terms and conditions of his probation. *See* Exhibit 4. The Fairfax County Circuit Court determined that the Petitioner violated the terms and conditions of his probation and executed seven (7) years of his suspended sentence. *See* id. The Court of Appeals of Virginia denied the Petitioner's appeal of the violation adjudication on November 28, 2000, in Keselica v. Commonwealth, 537 S.E.2d 611 (Va. Ct. App. 2000).

In the interim, specifically, on November 30, 1999, the circuit court issued a "Rule to Show Cause" requiring the Petitioner to appear in the circuit court and show cause for his continued failure to make restitution. *See* Exhibit 5. The Petitioner had been free on bond pending appeal, during which time the special conditions of his probation requiring restitution remained in full force and effect. *See* id. The Petitioner allegedly failed to make restitution payments, however, and Virginia probation authorities reported to the circuit court that he again violated the terms and conditions of his probation. *See* id.

On August 16, 2004, the Fairfax County Circuit Court issued a bench warrant for the Petitioner's arrest. *See* Exhibit 6. The Petitioner had not appeared as ordered on November 30, 1999, for the show cause hearing and, further, failed to turn himself in to serve the seven (7) year sentence executed on September 17, 1999, once he had exhausted his appeals of the violation adjudication. *See* id. The circuit court also issued an "amended" bench warrant for the Petitioner's arrest based on a probation violation alleged to have occurred on June 4, 2001. *See* Exhibit 7.

In addition to the direct appeals of his conviction and probation violation adjudication, the Petitioner concedes that he collaterally attacked both his conviction and violation adjudication in the United States District Court for the Eastern District of Virginia. Petition For Writ of Habeas Corpus Subsection 2254 at 1; Motion to Invoke Jurisdiction at 2; Request to File Successive Petition at 1. In 2002, the Petitioner petitioned that court for a writ of habeas corpus, alleging that both his 1995 embezzlement conviction and 1999 probation violation adjudication were unconstitutional. *See* Request to File Successive Petition at 1; Exhibit 8. The Virginia federal court dismissed the Petitioner's habeas petition on September 15, 2003, *see* Petition For Writ Of Habeas Corpus Subsection 2254 at 1; Petitioner's Motion To Invoke Jurisdiction at 2,

Request to File Successive Petition at 1, 2; Exhibit 8, and the United States Court of Appeals for the Fourth Circuit affirmed this decision on June 3, 2004. *See* Exhibit 9.

The Rhode Island State Police arrested the Petitioner in August 2006. In response to Governor Keane's request for extradition, Governor Carcieri issued an Executive Warrant authorizing the extradition of the Petitioner to the Commonwealth of Virginia on September 12, 2006. *See* Exhibit 10 (without extradition request or supporting documentation).

The Petitioner is currently detained at the Adult Correctional Institutions. The loss of liberty has not deterred the Petitioner from simultaneously challenging his detention in three separate jurisdictions. In addition to commencing the instant proceeding, the Petitioner filed a petition for a writ of habeas corpus in Rhode Island state court,[1] and moved to "reopen" his habeas corpus case in the Eastern District of Virginia, *see* Exhibit 8.

## III. ARGUMENT

This Court need not and should not delay in denying the instant Motion and dismissing the Petitioner's habeas petition. The law is clear that this Court does not have jurisdiction over the Petitioner's habeas petition.

First, the Petitioner concedes that this is not the first habeas petition that he has filed challenging his embezzlement conviction and violation adjudication. Section 2254(b)(3) clearly provides that "state prisoners cannot file second or successive federal habeas petitions as a matter of right." Rodwell v. Pepe, 324 F.3d 66, 68 (1st Cir.), cert. denied, 124 S. Ct. 224 (2003). To the contrary, a state prisoner must obtain permission from the "appropriate court of appeals" to

[1] The Petitioner filed Petitions for Writs of Habeas Corpus in both the Rhode Island District Court and the Rhode Island Superior Court. A copy of the petition filed in the Superior Court, without attachments, is attached hereto as Exhibit 11. On information and belief, the Superior Court petition is the only one pending, and a hearing on that petition is scheduled for December 6, 2006.

file such a petition. 28 U.S.C. § 2254(b)(3)(A); *see also* Felker v. Turpin, 518 U.S. 651, 657 (1996); Rodwell, 324 F.3d at 68. The only exception to this general rule arises when a second habeas petition raises constitutional issues that could not have been included in the initial habeas petition. *See, e.g.*, James v. Walsh, 308 F.3d 162, 168 (2d Cir. 2002) (petition alleging miscalculation of conditional release date not "second or successive" because claim could not have arisen when first petition filed).

Here, the Petitioner has not received permission to file this habeas petition—permission that the State would submit must come from the United States Court of Appeals for the Fourth Circuit. It is equally clear that the Petitioner does not now assert new constitutional issues relating to his conviction or adjudication entitling him to proceed without the permission of the appellate court.

In his Request For Permission To File A Successive Subsection 2254 Petition For Writ Of Habeas Corpus, the Petitioner concedes that he filed two "subsection 2254 Petitions for Writ of Habeas Corpus attacking both Petitioner's February 8, 1995 Embezzlement conviction in the Circuit Court for Fairfax County, Virginia and the September 17, 1999, revocation of Petitioner's probation in the Circuit Court for Fairfax County, Virginia." Id. at 1. With one exception, *see* infra n.2, the Petitioner's instant habeas petition (even assuming this Court grants his motion to amend) challenges the constitutionality or validity of his embezzlement conviction, violation adjudication, or related bench warrants. *See* Petitioner's Motion to Amend Subsection 2254 Petition For Writ Of Habeas Corpus Filed On October 4, 2006 at 2-4 ("Grounds For Habeas 2254 Review By This Court"); Petition For Writ Of Habeas Corpus Subsection 2254 at 4-5 ("Questions Presented For Review"). Indeed, it is clear from the Petitioner's filings that he is

hoping this Court will, in essence, overturn the Virginia federal court's adjudication of the claims raised in his habeas petitions:

> "Petitioner respectfully request this Court, the U.S. District Court for Rhode Island, to hear Petitioner's successive subsection 2254 habeas petition . . . as the U.S. District Court of Virginia has continually shown indifference and prejudice towards Petitioner's valid arguments . . . ." Motion at 2.

> "[United States Magistrate] Judge Lowe's glaring error . . . begs this successive 2254, from a neutral court . . . ." Petitioner's Request For Permission To File A Successive Subsection 2254 Petition For Writ Of Habeas Corpus at 2.

Second, and more fundamentally, this Court may not exercise jurisdiction over the Petitioner's habeas petition as it challenges the constitutionality of his ***Virginia*** embezzlement conviction, his ***Virginia*** probation violation adjudication, and the validity of various bench warrants that a ***Virginia*** court issued. "A court may not entertain a ***habeas corpus*** action unless it has personal jurisdiction over the custodian of the prisoner." Sen-Tung v. United States, 755 F. Supp. 18, 19 (D.D.C. 1991). The "true custodian" for purposes of a habeas petition "is the official in the state whose indictment or conviction is being challenged." Dunne v. Henman, 875 F.2d 244, 248 (9th Cir. 1989); ***see also*** Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); Sen-Tung, 755 F.2d at 19.

The Petitioner is incarcerated in Rhode Island while awaiting extradition to Virginia. The Petitioner has not been indicted or convicted of any offense in this state. Although the Petitioner has named the State of Rhode Island as a defendant in this case, he does not appear to challenge the validity or constitutionality of Governor Carcieri's Executive Warrant in this Court independent of his constitutional attacks on the Virginia conviction, adjudication and warrants.[2]

[2] The Petitioner does allege that his August 3, 2006, arrest and, presumably, current detention, were both unconstitutional and in violation of the Uniform Criminal Extradition Act and 18

Accordingly, although he is physically detained in Rhode Island, his "true custodian" is a Virginia official.[3] *See* Dunne, 875 F.2d at 248. As this Court does not have habeas corpus jurisdiction over persons outside the territorial limits of Rhode Island, specifically, over anyone in Virginia, it may not entertain the instant habeas petition. *See* Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (prisoner convicted in Nebraska but incarcerated in Nevada considered to be in custody of Nebraska for purposes of challenge to Nebraska conviction); Sen-Tung, 755 F. Supp. at 19 (District of Columbia federal court lacked jurisdiction to entertain challenge to California conviction and sentence); *contra* Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 398-401 (8th Cir. 1991). This Court should therefore dismiss the instant habeas petition.

---

U.S.C. § 3182. The State would submit that this Court may not exercise jurisdiction over this issue because he has failed to exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A).

Indeed, the Petitioner, who is represented by counsel in the state court proceedings, is challenging his extradition to Virginia in the Rhode Island Superior Court pursuant to the Uniform Criminal Extradition Act, R.I. Gen. Laws § 12-9-1 et seq. The Petitioner bases his challenge to the instant extradition attempts on previous failed attempts by Virginia to extradite the Petitioner from Maryland. According to the habeas petition that he filed in state court (and assuming that the factual allegations contained therein are true), Virginia attempted to extradite the Petitioner from Maryland on three separate occasions. First, the Petitioner was arrested in Maryland on June 21, 2001, as a fugitive from justice based on his probation violation adjudication in Maryland. *See* Exhibit 11 at 2. A Maryland court apparently dismissed this complaint one month later, as Virginia did not obtain a Governor's Warrant within thirty (30) days as the law required. Second, on December 30, 2001, Virginia officials placed a detainer on the Petitioner, who was then serving a three year sentence in Maryland for violating the terms of probation related to a Maryland conviction. *See* id. A Maryland court apparently dismissed this complaint on February 17, 2004, because Virginia did not obtain a Governor's Warrant within thirty (30) days. *See* id. Third, the Petitioner was arrested one day later, on February 18, 2004, in Maryland relating to the Virginia probation violation adjudication. *See* id. The Petitioner contested extradition through the filing of a habeas petition in Maryland state court, and, on June 4, 2004, a Maryland state court granted that petition. *See* id.

[3] Indeed, the Petitioner identifies the Commonwealth of Virginia as a party to his habeas petition.

## IV. CONCLUSION

For the reasons identified above,[4] this Court should decline the Petitioner's invitation to invoke jurisdiction over his habeas petition and dismiss the same forthwith.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: November 29, 2006

[4] The State further believes that, if this Court had jurisdiction, and if the Petitioner's habeas petition were interpreted as challenging his extradition to Virginia, it would nevertheless have to dismiss or deny the Petitioner's habeas petition because of his failure to exhaust his state remedies, *see* 28 U.S.C. § 2254(b)(1)(A), and/or his claims lack substantive merit.

**Certificate of Service**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 29th day of November, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of this Objection to be sent to the following by first class mail on November 29, 2006:

Michael Keselica
A.C.I.
P.O. Box 8249
Cranston, RI 02920

/s/ Christopher R. Bush