VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

COMMONWEALTH OF VIRGINIA ) CRIMINAL NO. 87970

VERSUS )

MICHAEL GEORGE KESELICA ) INDICTMENT - EMBEZZLEMENT

**FINAL ORDER**
**JURY TRIAL**

On April 21, 1995, the Commonwealth's Attorney, the Defendant, MICHAEL GEORGE KESELICA, and John Zwerling and Kyle O'Dowd, Counsel for the Defendant, appeared before this Court. The Defendant is convicted of the felony of EMBEZZLEMENT and he appeared while in custody.

The Probation Officer of this Court, to whom this case had been referred for investigation, appeared in open Court with a written report. Copies of the report were previously furnished to Counsel for the Defendant, the Commonwealth's Attorney and the Court. Counsel for the Defendant advised the Court that he had discussed the report with the Defendant and the Defendant was fully advised of the contents.

The accused and his Counsel were given the right to cross-examine the Probation Officer as to any matter contained in the report and to present any additional facts. The report of the Probation Officer was filed and made a part of the record of this case.

It was demanded of MICHAEL GEORGE KESELICA if anything he knew or had to say why the Court should not pass sentence and judgment upon him. Nothing was offered or alleged in delay of judgment.

The Court **ORDERED** that the Defendant serve twelve (12) years in the Penitentiary House of this Commonwealth and pay the costs of this case. In mitigation of punishment and it appearing compatible with the public

interest to do so, the Court suspended all but thirty (30) months of the sentence for a period of eight (8) years conditioned upon the Defendant's good behavior and that he be placed on active probation subject to the Conditions of Probation for a period of eight (8) years upon his release from confinement, to be supervised by the Probation and Parole Office District #29 in Fairfax, Virginia. The Court further **ORDERED**, as special conditions of his probation, that the Defendant enter and successfully complete any drug counseling, drug testing, drug treatment or mental health programs recommended to him by the Probation Officer, that he pay restitution in accordance with the restitution plan that was submitted to the Court, and that he participate in the Aftercare Program at Suburban Hospital in Bethesda, Maryland.

The Court **ORDERED** that the thirty (30) month sentence imposed be served in the Sheriff's Work Release Program and that the Defendant participate in the Sheriff's Intensive Addictions Program during his incarceration, if it does not interfere with his work commitments.

The Court **ORDERED**, that upon his release from confinement as an additional condition of his probation, the Defendant is to be maintained on home incarceration for a period of six (6) months, to be monitored by the Probation and Parole Office, with random telephone calls to be placed to the Defendant's home. The Defendant is to remain in his home at all times with the exception of travelling to and from work, to and from church, to and from any programs he is attending in connection with Aftercare or programs recommended to him by the Probation Officer, and to and from coaching community team sports. The Court further **ORDERED** that the Defendant is to have a sponsor if he continues to coach for the community sports leagues who must agree to be responsible for answering inquiries from the Probation Officer about the Defendant's whereabouts at times that he is reporting he will be coaching community sports leagues. The Court **ORDERED** that the Defendant is to report to the Probation and Parole Office in writing every two weeks to set forth the times and purposes for which he requests to be outside his home for the upcoming two (2) weeks, consistent with the limitations set forth in this Order.

The fee of the Court Reporter who recorded the evidence and incidents of trial in this case is assessed as costs, as provided in § 19.2-165 of the 1950 Code of Virginia, as amended.

The Court certifies that at all times during trial, the Defendant was personally present and his Attorney was likewise personally present and capably represented the Defendant.

The Defendant was remanded to the custody of the Sheriff.

Entered on May 4, 1995.

JUDGE STANLEY P. KLEIN

DOB: 05/11/59
DOO: 05/01/90

/ljr
70