STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

KENT, S.C. SUPERIOR COURT

MICHAEL G. KESELICA

V. KM-2006-

A.T. WALL

# PETITION FOR WRIT OF HABEAS CORPUS

Now comes the petitioner, Michael G. Keselica, by and through counsel, and hereby moves this Honorable Court to grant a writ of habeas corpus pursuant to Rhode Island General Laws, §10-9-1 *et. seq.* and the Uniform Criminal Extradition Act, Rhode Island General Laws, 12-9-1 *et. seq.* As grounds, Mr. Keselica asserts that he is unlawfully detained at the Adult Correctional Institution in Cranston, Rhode Island on a Governor's Warrant of Rendition demanding his return to the Commonwealth of Virginia.

## STATEMENT OF FACTS

On February 8, 1995 Mr. Keselica pled guilty to felony embezzlement in the Circuit Court of Fairfax County, Virginia. On April 21, 1995, Mr. Keselica was sentenced to twelve years of incarceration with the Virginia Department of Corrections, with thirty months to serve and the balance suspended along with eight years of probation. See Exhibit 2. On June 16, 1995, this sentence was modified to two years to serve in work release along with restitution payments of one thousand dollars ($1000.00) per month. See Exhibit 3. The total restitution in this matter was approximately eighty thousand dollars ($67,000). At this time, Mr. Keselica was also serving a sentence in Maryland for similar charges.

On November 29, 1995, Mr. Keselica was paroled from incarceration and began serving the probationary period. Over the next four years, he made $43,000.00 in restitution payments. On September 17, 1999, Mr. Keselica was found in violation of his probation as a result of missing several restitution payments and for being untruthful to his probation officer. See Exhibit 4. After hearing, Mr. Keselica was ordered to serve seven years of the remaining ten year suspended sentence. See id. Mr. Keselica was released on an appeal bond pending appellate review of this matter. Mr. Keselica's appeal of this revocation hearing was later denied by the Virginia Court of Appeals.

On June 21, 2001, Mr. Keselica was arrested at his home in Montgomery County, Maryland as a fugitive from justice from Fairfax, Virginia for allegedly violating the terms of his Virginia probation. See Exhibit 5. On July 20, 2001, this fugitive complaint was dismissed based upon Virginia's failure to obtain a governor's warrant within the required thirty day period. See Exhibit 6. On July 25, 2001, Mr. Keselica began serving a three year sentence in Maryland for violation of his Maryland probation. On December 31, 2001, Fairfax County Court placed a second detainer on Mr. Keselica as a fugitive from justice for violation of probation. See Exhibit 7. The basis of the detainer was the same violation of probation alleged in the June 21, 2001 complaint. This fugitive complaint was dismissed on February 17, 2004, again as a result of Virginia's failure to obtain a governor's warrant within thirty days. See Exhibit 8. On February 18, 2004, Mr. Keselica was arrested for the third time on the same fugitive complaint from Virginia. See Exhibit 9. Mr. Keselica contested extradition by filing a petition for writ of habeas corpus in Maryland Circuit Court. See Exhibit 10. On June 4, 2004, Mr. Keselica's habeas petition was granted because he was not considered a fugitive under the Uniform Extradition Act. See Exhibit 11. The Maryland Circuit Court Judge ordered Mr.

Keselica released from incarceration. No further attempts were made by Virginia to extradite Mr. Keselica from Maryland.

During the next two years, Mr. Keselica worked and resided in Maryland. He was employed full-time at Marketing Research and Resources, Inc. as a quality control supervisor. See Exhibit 12. On June 3, 2006, Mr. Keselica's mother passed away; consequently, he moved to Rhode Island to help care for his father. Mr. Keselica is a native of Rhode Island. He graduated from Rogers High School in 1977 and a received a bachelor of science degree from the University of Rhode Island in 1982. Within three days of moving to Rhode Island, Mr. Keselica obtained full time employment at Newport Specialty Foods in Middletown, Rhode Island.

On August 3, 2006, Mr. Keselica was returning from work when he was stopped by a Rhode Island State Trooper for a minor traffic violation. A National Criminal Identification Computer (NCIC) check revealed the Virginia violation of probation warrant. Mr. Keselica was arrested and detained for the fourth time on this warrant. A governor's warrant was obtained on September 12, 2006 (Exhibit 1) and Mr. Keselica was served with this warrant on October 5, 2006. This petition followed.

## ARGUMENT

The extradition of a fugitive from justice is mandated by Article IV, §2 of the United States Constitution which reads in pertinent part:

> A person charged in any state with treason, felony or other crime, who shall flee from justice and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime.

The Uniform Criminal Extradition Act was adopted by Rhode Island in 1947 and is codified in R.I.G.L. §12-9-1 *et. seq*. Under R.I.G.L. 12-9-12, an alleged fugitive may test the validity of his or her arrest by applying for a writ of habeas corpus. The parameters of this test are as follows: "whether the petitioner is charged with a crime in the demanding state; whether the petitioner is in fact the person charged with this crime, whether the petitioner was in the demanding state at the time of the crime, left, and was found in the asylum state; and whether the requisition papers are in order." Brown v. Sharkey, 263 A.2d 104, 107 (R.I. 1970). In this case, Mr. Keselica submits three separate grounds in support of his petition for habeas corpus relief.

## I. THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD BE GRANTED UNDER THE DOCTRINES OF RES JUDICATA AND THE FULL FAITH AND CREDIT CLAUSE OF THE UNITED STATES CONSTITUTION.

On February 18, 2004, Virginia sought for the third time to extradite Mr. Keselica from Maryland to Virginia on the violation of probation warrant. The two prior extradition attempts were dismissed on procedural grounds, specifically, the failure of Virginia to obtain a governor's warrant within the required thirty day period. This time, however, Virginia obtained a governor's warrant in a timely fashion. Mr. Keselica contested extradition by filing a petition for writ of habeas corpus in Maryland Circuit Court. At issue was whether Mr. Keselica was a "fugitive" within the meaning of the Uniform Extradition Act. After hearing, the writ was granted on June 4, 2004 for "good cause shown and in the interests of justice."

As a general rule, a discharge from custody upon a writ of habeas corpus precludes any further detention or imprisonment under the same process or in the same proceeding. State v. Gavin, 167 A.2d 747 (R.I. 1961). This common law rule is codified in R.I.G.L. §10-9-29 entitled re-arrest of discharged person. The statute reads as follows:

> No person who has been discharged upon a writ of habeas corpus shall be again imprisoned or restrained for the same cause, unless he or she is indicted or charged by information therefor or convicted thereof, or committed for want of bail, by some court of record having jurisdiction of the cause, or unless, after a discharge for defect of proof or for some material in the commitment in a criminal case, he or she shall be again arrested on sufficient proof, and committed by legal process, for the same offense.

"An order or judgment discharging a person in such proceedings is conclusive in his favor that he is illegally held in custody and is res judicata of all issues of law and fact necessarily involved in that result, and he cannot again be arrested for the same cause, that is, upon the same warrant, indictment or information which was therein held illegal." Gavin, 167 A.2d at 748 quoting State ex rel. Cacciatore v. Drumbright, 156 So. 721 (1934). Our Supreme Court has consistently recognized the principle of justice that one who has been discharged from unlawful detention by habeas corpus should not be further detained or again imprisoned under that legal process. Gavin, 167 A.2d at 748 citing Day v. Smith, 157 S.E. 639 (1931); In re Crandall, 54 P. 686 (1988), State ex rel. Zugschwere v. Holm, 34 N.W. 748 (1887) and McConologues Case, 107 Mass 154 (1871).

Rhode Island's application of the doctrine of res judicata in extradition proceedings is consistent with other jurisdictions. See, State ex rel. Moore v. Conrad, 371 S.E.2d 74 (1988) (res judicata should bar subsequent extradition proceedings where no new facts or conditions are presented); Ex parte Messina, 128 S.W.2d 1082 (1939) (res judicata applies in cases of habeas corpus to judgment discharging the petitioner where no new state of facts is shown warranting restraint); Stack v. State ex rel. Kaye, 333 So.2d 509 (1976) (res judicata barred second extradition proceeding where indictment documents were identical to first proceeding).

Other cases demonstrate this tenant. For instance, in People ex rel. Chakouian v. Hoy, 183 N.Y.S.2d 980 (NY 1959), the petitioner was wanted as a fugitive from Massachusetts. He was arrested in East Providence, Rhode Island on the fugitive complaint and held for extradition proceedings. A governor's warrant was obtained and habeas corpus proceedings instituted in Providence Superior Court. The trial justice granted petitioner's writ of habeas corpus and released him finding that he was not a fugitive since he was not within the Commonwealth of Massachusetts at the time of the commission of the offense. One year later, petitioner was arrest in New York on the same fugitive complaint from Massachusetts. Once again Massachusetts sought and obtained a governor's warrant. In granting the writ, the New York Supreme Court gave full faith and credit to the Rhode Island Court decision. Specifically, the question of fact decided by the Rhode Island Court, whether the accused was in the demanding state at the time of the commission of the offense, was previously decided by Rhode Island and given full faith and credit pursuant to the Constitution of the United States, Art. 4, §1.

As Providence Superior Court was considered a court of competent jurisdiction to consider the question as to whether the accused was a fugitive, so also is Maryland Circuit Court a court of competent jurisdiction to consider the issue of whether Mr. Keselica was a fugitive from Virginia. The Maryland Circuit Court granted the writ of habeas corpus finding that Mr. Keselica did not qualify as a fugitive under the Uniform Extradition Act. The same parties and issue is now before this court for adjudication. Since this issue was fully litigated, the ruling of the Maryland Circuit Court should be given effect here pursuant to the doctrine of res judicata as well as the full faith and credit clause of the United States Constitution, Art. 4, §1.

## II. VIRGINIA'S REQUISITION DEMAND AFFIDAVIT CONTAINS FALSE STATEMENTS WHICH INVALIDATE IT UNDER R.I.G.L. §12-9-1 ET. SEQ.

One of the requirements under the Uniform Extradition Act is that the requisition papers be in order and facially valid. See Sharkey, supra. See also, Ex Parte Slauson, 73 F. 666 (1896) (writ of habeas to issue when extradition warrant is based upon perjurious affidavit).

In this case, the affidavit submitted by the Deputy Commonwealth Attorney, Raymond Morrough, upon which Virginia's Requisition Demand is based, contains two patently false statements. Paragraph five states "no other application has been made for a requisition for the said fugitive growing out of the same transaction herein alleged." To the contrary, this is the fourth attempt by Virginia to extradite Mr. Keselica for the same violation of probation warrant. Each of the three prior attempts was dismissed by the Maryland District Court on July 20, 2001, February 17, 2004 and June 4, 2004, respectively.

Paragraph one of the affidavit alleges that Mr. Keselica was in the state of Virginia at the time of the commission of this crime. This is also a false statement. Virginia is attempting to extradite Mr. Keselica to serve a revoked suspended sentence. While Mr. Keselica was present in court for the revocation hearing, the commission of the crime, his failure to consistently pay restitution and to be truthful to the probation officer, did not occur in Virginia. Since the affidavit of the requisition demand contains material false statements, the governor's warrant should be invalidated and the writ of habeas corpus granted.

## III. THE PETITIONER DOES NOT QUALIFY AS A FUGITIVE FROM JUSTICE UNDER THE UNIFORM CRIMINAL EXTRADITION ACT AND CANNOT BE EXTRADITED TO VIRGINIA.

Since the rendition warrants in the instant case are not facially valid, there is no presumption that Mr. Keselica was in the demanding state at the time of the crime. See Baker v. Laurie, 375 A.2d 405 (R.I. 1977). In this case, Mr. Keselica was never present in the Commonwealth of Virginia either during the commission of the original offense of embezzlement or the alleged violations of probation. During the trial on the embezzlement charge, the trial court made a specific finding that the charges could be sustained even though Mr. Keselica was not present in Virginia at the time of the commission of the offense. The violation of probation warrants were based upon his failure to pay restitution, his failure to be truthful to his probation officer and his arrest and conviction in Maryland on larceny charges. In neither case was Mr. Keselica present in the Virginia at the time of the commission of these alleged offenses. Rather, Mr. Keselica was residing in Maryland and returned to Virginia only to make court appearances.

For the foregoing reasons, the petitioner, Michael G. Keselica, respectfully requests this Honorable Court grant his petition for writ of habeas corpus.

Respectfully submitted,
Michael G. Keselica
By his attorney,

John E. MacDonald, 5368
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on 16-5-06 a true copy of this document was delivered to the Department of Attorney General, 222 Quaker Lane, Warwick, Rhode Island 02886.