UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL KESELICA,
Petitioner

v. ) C.A. No. 06-448 ML

WARDEN MCCAULEY, et al
Respondents

PETITIONER'S RESPONSE TO RESPONDENTS OBJECTION TO PETITIONER'S REQUEST FOR PERMISSION TO FILE A SUCCESSIVE SUBSECTION 2254 PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW Petitioner, Michael Keselica, pro se, and responds to Respondents Objection to Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus by stating the following:

As outlined in Petitioner's Response to Respondents Objection to Invoke Jurisdiction this Court has jurisdiction to entertain Petitioner's Habeas 2254 Petition, successive, or otherwise.

If this Court rules that Petitioner's case currently before this Court, C.A. No. 06-448 ML fits the definition of a successive subsection 2254 Petition for Writ of Habeas Corpus, then Petitioner respectfully moves this Court to hold Petitioner's Petition in abeyance, pending decision by the Court of Appeals for the First Circuit of Petitioner's Motion for Filing Authorization filed with the First Circuit, through this Court, on October 30, 2006. In lieu of such ruling, Petitioner states the following:

If this Court determines that, due to Petitioner's legal

deficiencies as a pro se litigant, Petitioner's Petition is not really a successive subsection 2254 Petition, as proffered by Petitioner, but in reality is a Request for Leave to File a Second Subsection 2254, then this Court has jurisdiction to hear Petitioner's present Petition before this Court.

Respondent argues that this Court does not have jurisdiction to entertain Petitioner's Petition as, according to Petitioner's title, it is a successive 2254 Petition.

However, according to U.S. v. Nelson, No. 06-6071 (10th Circuit, October 6, 2006):

> "It was the relief sought, not his pleadings title, that determined whether the pleading was a subsection 2255 motion."

The relief sought by Petitioner is varied.

First, Petitioner seeks relief from the illegal custodial effects of the Circuit Court for Fairfax County's Amended June 6, 2001 [post-conviction] bench warrant.

Second, Petitioner seeks relief from the illegal custodial effects of the Circuit Court for Fairfax County's August 16, 2004 [post-conviction] bench warrant.

Third, Fairfax County, Virginia's June 6, 2001 Bench Warrant is invalid as Petitioner successfully contested extradition against this warrant.

Fourth, Petitioner's successful extradition battle on Virginia's June 6, 2001 violation of probation bench warrant rendered invalid the seven year sentence imposed on Petitioner on September 17, 1999.

Fifth, Petitioner requests that Petitioner's 1995 embezzlement conviction be vacated. This request had been raised

in Petitioner's previous habeas 2254 petition but it is not being done as a successive application but only as a chain of custody claim through a new, timely filed application thereby circumventing the AEDPA's one year statute of limitations as affirmed by the Federal Courts in Walker v. Crosby, 341 F.3d 1240 (2003) and in Keselica v. Stouffer Civil Action No. 3:02CV575.

This claim has been resurrected based on new claims, facts and evidence. Specifically, the fact that Virginia did not have jurisdiction to indict and convict Petitioner for an alleged embezzlement which occurred outside its territorial limits as Virginia could not meet the extradition test of identifying Petitioner in that State (the new facts and evidence discovered on June 4, 2004 [redacted] when Petitioner successfully contested extradition).

As Respondent states in Footnote 3 on page 3 of Respondent's Objection, Respondent acknowledges that the Petitioner's habeas petition would only be "second or successive" to the extent that Petitioner challenges the constitutionality of his embezzlement conviction or probation revocation adjudication.

Therefore, according to Respondent, Petitioner's habeas petition cannot be classified as successive. However, Claim 6 does challenge the constitutionality of Petitioner's embezzlement conviction but it is allowed thru this non-successive application as a resurrected claim through a timely filed subsection 2254 petition as Claims 1-4 are directly related and linked to Claim 6, therefore this "chain of custody" allows a time-barred claim (Claim 6) to tag along on the

coattails of a timely claim and application.

WHEREFORE, due to Petitioner's pro se ignorance and for the facts cited above and in Petitioner's Response to Respondent's Objection to Invoke Jurisdiction, this Court has jurisdiction to hear Petitioner's subsection 2254 petition which Petitioner incorrectly labeled as a successive 2254 petition.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2006 a copy of the foregoing was mailed postage paid first class to Christopher R. Bush, Department of Attorney General, 150 South Main Street, Providence, RI 02903.

[signature]

Michael Keselica