UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL KESELICA, Petitioner, | : | |
| v. | : | |
| | : | CA 06-448 ML |
| WARDEN MCCAULEY, ACI, and COMMONWEALTH OF VIRGINIA, Respondents. | : | |

**MEMORANDUM AND ORDER**
**DENYING**
**SIX MOTIONS FILED BY PETITIONER**

Before the Court are six motions filed by Petitioner Michael Keselica ("Petitioner"): 1) Petitioner's Motion for the United States District Court of Rhode Island to Invoke Jurisdiction to Hear Petitioner's Petition for Habeas Corpus Subsection 2254 (Document ("Doc.") #2) ("Motion to Invoke Jurisdiction"); 2) Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus (Doc. #3) ("Motion to File Successive Petition"); 3) Petitioner's Motion to Amend Subsection 2254 Petition for Writ of Habeas Corpus Filed on October 4, 2006 (Doc. #6) ("Motion to Amend"); 4) Petitioner's Motion to Supplement (Doc. #7) ("Motion to Supplement"); 5) Petitioner's Motion for Conditional Release, or Bail, or Other Surety (Doc. #8) ("Motion for Release"); and 6) Petitioner's Motion for Filing Authorization (Doc. #9) ("Motion for Filing Authorization") (collectively the "Motions"). The Motions have been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[1] The Court has determined that no hearing is

[1] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or

necessary. For the reasons stated herein, the Motions are DENIED.

**Facts and Travel**

On February 8, 1995, Petitioner pled guilty to felony embezzlement in the Circuit Court for Fairfax County, Virginia. See Keselica v. Commonwealth, 537 S.E.2d 611, 612 (Va. Ct. App. 2000); see also Memorandum of Law in Support of Objection to Motion to Invoke Jurisdiction ("Respondent's Mem."), Exhibit ("Ex.") 1 (Order dated 2/10/95)at 1-2.[2] He was sentenced on April 21, 1995, to twelve years imprisonment, with all but thirty months suspended, eight years probation to follow, and eventual restitution. See Keselica, 537 S.E.2d at 612 n.1; see also Respondent's Mem., Ex. 2 (Final Order dated 5/4/95) at 1-2. The trial court thereafter granted Petitioner's June 26, 1995, motion to reconsider the sentence and amended the term of imprisonment to all but one year and three hundred sixty-four days suspended. See Respondent's Mem., Ex. 3 (Final Order dated 6/26/95). All other terms and conditions of Petitioner's original sentence remained in full force and effect. See Respondent's Mem., Ex. 3. Petitioner was released in November 1995. See Keselica, 537

---

> information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

[2] Respondent states that the documents attached as exhibits to its Memorandum of Law in Support of Objection to Motion to Invoke Jurisdiction ("Respondent's Mem.") are either publicly available or were submitted to Rhode Island Governor Donald L. Carcieri by Virginia Governor Timothy M. Kaine as part of an August 28, 2006, request for Petitioner's extradition. See Respondent's Mem. at 1.

S.E.2d at 612 n.1. He had appealed his conviction to the Court of Appeals of Virginia, which affirmed his conviction on February 4, 1997. See Keselica v. Commonwealth, 480 S.E.2d 756 (Va. Ct. App. 1997).

In September of 1999, the trial court issued a rule to show cause alleging that Petitioner had violated two conditions of his probation, specifically that he had failed to make monthly restitution payments and cooperate with and be honest with his probation officer as required. See Keselica v. Commonwealth, 537 S.E.2d 611, 612 (Va. Ct. App. 2000). The trial court found that he had violated both conditions, see id., and on September 17, 1999, that court revoked seven years of his suspended sentence and ordered them into execution. See Keselica, 537 S.E.2d at 613; see also Respondent's Mem., Ex. 4 (Final Order dated 10/22/99) at 2. The court reduced the balance of the restitution to a judgment. See Respondent's Mem., Ex. 4. Petitioner appealed this disposition as well, see Keselica, 537 S.E.2d at 612, and was freed on bond pending appeal, see Respondent's Mem., Ex. 4 at 2. The Court of Appeals of Virginia affirmed the trial court's decision on November 28, 2000. See Keselica, 537 S.E.2d at 612.

In the meantime, on November 30, 1999, the trial court issued another rule to show cause alleging that Petitioner had violated the terms of his probation by, among other things, failing to make restitution payments and maintain contact with his probation officer or submit monthly reports since his release on the appeal bond on September 23, 1999. See Respondent's Mem., Ex. 5 (Rule to Show Cause dated 11/30/99) at 2. Petitioner was ordered to appear on December 17, 1999.[3] See id.

---

[3] According to Respondent, Petitioner did not appear for the show cause hearing, nor did he turn himself in after exhausting his appeals of the violation adjudication. See Respondent's Mem. at 3; id., Ex. 6

Petitioner recounts the events which occurred next as follows:

> 1. Petitioner was arrested [in Maryland] on June 21, 2001[,] as a fugitive from justice from Virginia for allegedly violating the terms of his probation on a June 6, 2001[,] Show Cause Bench Warrant.
>
> 2. Petitioner subsequently contested extradition, and after [then] Virginia Governor Gilmore's Requisition Warrant was issued, stating that Petitioner was wanted[] as a fugitive from justice[] for violating the terms of his probation in 2001, the State of Maryland nolle prossed these fugitive charges on July 20, 2001.
>
> 3. On December 17, 2001, Fairfax County, Virginia placed this same June 6, 2001[,] Show Cause Bench Warrant as a detainer on Petitioner when Petitioner was serving a Maryland sentence.
>
> 4. After Petitioner was paroled from his Maryland sentence, Petitioner was again arrested as a fugitive from justice from Virginia for allegedly violating the terms of his probation based on the June 6, 2001[,] Show Cause Bench Warrant, on December 31, 2003.
>
> 5. Petitioner again contested extradition, and on February 17, 2004, Petitioner was released from custody only to be re-arrested the next day as a fugitive from justice from Virginia for allegedly violating the terms of his Virginia probation.
>
> 6. Petitioner again contested extradition and on June 4, 2004[,] was released on a Writ of Habeas Corpus after successfully contesting extradition to Virginia.

Petition at 2-3.

In the meantime, "[o]n July 25, 2002, Petitioner [had] filed 2 subsection 2254 Petitions for Writ of Habeas Corpus attacking both Petitioner's February 8, 1995[,] [e]mbezzlement conviction

---

(Bench Warrant dated 8/16/04).

in the Circuit Court for Fairfax County, Virginia and the September 17, 1999[,] revocation of Petitioner's probation in the Circuit Court for Fairfax County, Virginia." Motion to File Successive Petition at 1. According to Petitioner, "[o]n September 15, 2003, the U.S. District Court for the Eastern District of Virginia denied both of Petitioner's Habeas Petitions, civil action no. 3:02 CV 575." Id.; see also Petition at 1 (noting September 15, 2003, denial of his "original Subsection 2254 Petition for Writ of Habeas Corpus"). The Court of Appeals for the Fourth Circuit affirmed the district court's denials on June 3, 2004. See Keselica v. Stouffer, 100 Fed. Appx. 142, 143-44 (4th Cir. 2004)(unpublished disposition).[4]

On August 16, 2004, the Fairfax County Circuit Court issued a Bench Warrant based on Petitioner's failure to turn himself in to serve his sentence after he had exhausted his appeals of the sentence set at the September 17, 1999, revocation hearing. See Respondent's Mem., Ex. 6 (Bench Warrant dated 8/16/04) at 1-2. That court also issued an Amended Bench Warrant based on the alleged June 4, 2001, violation of probation. See id., Ex. 7 (Amended Bench Warrant dated 8/16/04) at 1-2.

Petitioner, a native of Rhode Island, moved back to Rhode Island to care for his elderly father after the June 3, 2006, death of his mother. See Motion for Release at 3-5. Petitioner was arrested on August 3, 2006, in Warwick, Rhode Island, as a fugitive from justice from Virginia for allegedly violating the terms of his probation. See Petition at 3; Motion to Invoke

[4] For the Fourth Circuit's opinion in Keselica v. Stouffer, 100 Fed. Appx. 142 (4th Cir. 2004)(unpublished disposition), see Respondent's Mem., Ex. 9; see also id., Ex. 8 (docket in Keselica v. Stouffer).

Jurisdiction at 1.[5] He is currently being held at the Adult Correctional Institutions ("A.C.I.") in Cranston, Rhode Island. See Petition at 3; Motion to Invoke Jurisdiction at 2. According to Petitioner:

> This is the fourth attempt by Virginia to extradite Petitioner on the same warrant. Two prior attempts were dismissed as a result of procedural defaults by Virginia. The third attempt was denied after a full habeas corpus hearing in Maryland during which the Circuit Court judge ruled that Petitioner was not a fugitive from justice and therefore not subject to extradition under the Uniform Extradition Act.

Motion for Release at 3; see also Motion to Invoke Jurisdiction at 1 ("Petitioner had already successfully contested extradition in Maryland as a fugitive from justice from Virginia for allegedly violating the terms of his probation on June 4, 2004, when Petitioner was granted his release on a Writ of Habeas Corpus."); Motion to File Successive Petition at 2 ("Virginia continues to seek to extradite Petitioner ... as a fugitive from justice from Virginia for allegedly violating the terms of his probation.").

Petitioner on October 5, 2006, "was served with Rhode Island Donald Carcieri's Rendition Warrant demanding Petitioner's return to Virginia as a fugitive from justice on a violation of probation Show Cause Bench Warrant." Motion for Release at 2; see also Respondent's Mem., Ex. 10 (Governor's Warrant dated 9/12/06) at 1-2; Petition at 3 (noting that Virginia had recently submitted a Governor's Requisition Warrant with supporting documents stating that Petitioner is wanted for "an August 16, 2004[,] violation of his probation"). On that same day, he

[5] The Motion to Invoke Jurisdiction states that Petitioner was arrested on "August 3, 2004." Motion to Invoke Jurisdiction at 1. This apparently was an inadvertent error. The Petition states the date of arrest as "August 3, 2006." Petition at 3.

"filed a petition for writ of habeas corpus in Kent County, Rhode Island Superior Court contesting extradition, case no. KM-2006-00920." Motion for Release at 2; see also Respondent's Mem., Ex. 11 (Petition for Writ of Habeas Corpus filed in Kent County Superior Court) ("State Petition") at 9.

On October 11, 2006, this Court received a Petition for Writ of Habeas Corpus Subsection 2254 (Doc. #1), see Docket, which Petitioner states that he mailed on October 4, 2006, see Motion to Amend at 1; Motion for Release at 1; Motion for Filing Authorization at 1. On the same day he also filed the Motion to Invoke Jurisdiction, the Motion to File Successive Petition, and an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #4) ("Application"). The Court denied the Application without prejudice because Petitioner had not included a certified copy of his prison trust fund account statement. See Order Re Motions Filed by Petitioner (Doc. #5) ("Order of 10/16/06") at 2. The Court directed Petitioner to refile the Application with the required statement or the $5.00 filing fee. See id. The Court further stated that it would hold the Motion to Invoke Jurisdiction and Motion to File Successive Petition in abeyance. See id. at 3. Petitioner paid the filing fee on November 3, 2006. See Docket.

Thereafter, the Court directed Warden McCauley of the A.C.I., or the State of Rhode Island ("State") on his behalf, to file responses to those motions. See Order Directing Response to Motions (Doc. #10) ("Order of 11/8/06"). The State did so on November 29, 2006. See Objection to Motion to Invoke Jurisdiction (Doc. #13); Objection to Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ

of Habeas Corpus (Doc. #12).[6] Meanwhile, Petitioner had filed the Motion to Amend, Motion to Supplement, Motion for Release, and Motion for Filing Authorization.

**Discussion**

Petitioner alleges that he is "illegally in custody in Rhode Island under the Circuit Court for Fairfax County, Virginia's Amended June 6, 2001[,] Show Cause Bench Warrant (amended, allegedly, on August 16, 2004), as the trial court erred in denying Petitioner's Motion to Quash the June 6, 2001[,] Violation of Probation Bench Warrant." Petition at 4. He further claims that the trial court erred in denying his motion to quash the August 16, 2004, Amended Bench Warrant; that the original June 6, 2001, Bench Warrant is moot or invalid; that the imposition of his suspended sentence on September 17, 1999, has also been rendered moot or invalid; and that the trial court and the Virginia appellate courts erred in stating that the trial courts orders denying Petitioner's motions to quash the bench warrants were not appealable. See Petition at 4-5. Petitioner states that he has "new evidence," id. at 2, which supports his "original Subsection 2254 Petition for Writ of Habeas Corpus, specifically Petitioner's Argument 16 which asserted that the imposition of seven years of Petitioner's previously suspended sentence on September 17, 1999, after Petitioner's probation was revoked, was voided because, according to the actions of the trial court, Petitioner was placed back on probation," id. at 1.

A federal habeas corpus petition may be brought in any court with jurisdiction over the prisoner or his custodian. See Fest

---

[6] On December 8, 2006, the Court received Petitioner's Response to Respondent[']s Objection to Petitioner's Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus (Doc. #14) ("Petitioner's Response to Objection"). The Court has reviewed Petitioner's Response to Objection and finds nothing therein which alters the conclusions reached in this Memorandum and Order.

v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986)(citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 495-99, 93 S.Ct. 1123, 1129-31 (1973); see also Lee v. Wetzel, 244 F.3d 370, 374 (5th Cir. 2001)(stating that "the court issuing the writ of habeas corpus must have jurisdiction over the petitioner or his custodian"); Smart v. Goord, 21 F.Supp.2d 309, 314 (S.D.N.Y. 1998)(citing Fest, 904 F.2d at 560). In the present case, Warden McCauley is acting as the agent for the State of Virginia in confining Petitioner within the A.C.I. Cf. Braden, 410 U.S. at 498-99, 93 S.Ct. at 1131-32 ("the State holding the prisoner in immediate confinement acts as agent for the demanding State"); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973)("South Dakota is acting only as an agent for Montana in caring for appellant pursuant to the contract between the two states implementing the Western Interstate Corrections Compact."); Smart v. Goord, 21 F.Supp.2d at 314 (noting that New York was acting solely as New Hampshire's agent in incarcerating petitioner); Park v. Thompson, 356 F.Supp. 783, 786 (D. Haw. 1973)(holding that out of state custodian acts only as the agent of Hawaii which had convicted and sentenced petitioner). In such circumstances, where one state acts as an agent for another state by confining a prisoner, there exists "concurrent habeas corpus jurisdiction," Braden, 410 U.S. at 499 n.15, 93 S.Ct. at 1132 n.15, and the action may be brought either in the district where Petitioner is confined, see id., or in the district of Petitioner's true custodian, see Dunne v. Henman, 875 F.2d 244, 248 (9th Cir. 1989)("Under ... Braden the 'true custodian' is the official in the state whose indictment or conviction is being challenged."); see also Smart v. Goord, 21 F.Supp.2d at 314 (noting that New Hampshire was petitioner's "true custodian" because New York acted solely as New Hampshire's agent in confining her). Thus, the Court would have jurisdiction if this

were Petitioner's first petition for writ of habeas corpus.

State prisoners, however, "cannot file second or successive federal habeas petitions as a matter of right." Rodwell v. Pepe, 324 F.3d 66, 68 (1st Cir. 2003)(citing 28 U.S.C. § 2244(b)(3)).[7] Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), "Congress established a 'gatekeeping' mechanism for the consideration of 'second or successive habeas corpus applications' in the federal courts." Stewart v. Martinez-Villareal, 523 U.S. 637, 641, 118 S.Ct. 1618, 1620 (1998)(citing Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 2337 (1996)). Thus, in order to file a second or successive petition in a U.S. district court, Petitioner must "move in the appropriate court of appeals for an order authorizing the

---

[7] Section 2244(b) provides in relevant part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> ....

28 U.S.C. 2244(b).

district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Stewart, 523 U.S. at 641, 118 S.Ct. at 1620 ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application."); Felker, 518 U.S. at 657, 116 S.Ct. at 2337 ("The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."); Rodwell, 324 F.3d at 68 ("[A] state prisoner who desires to file a second or successive habeas petition must secure pre-clearance from the court of appeals."). "[A] subsequent petition is 'second or successive when it raises a claim that was, or could have been, raised in an earlier petition." James v. Walsh, 308 F.3d 162, 167 (2nd Cir. 2002) (citing McCleskey v. Zant, 499 U.S. 467, 493-95, 111 S.Ct. 1454, 1469-71 (1991)).

It does not appear that Petitioner has sought an order from the appropriate court of appeals[8] authorizing a district court to

---

[8] It would appear that the appropriate court of appeals in the instant matter is the Court of Appeals for the Fourth Circuit. Petitioner filed his Original Petition in the district court for the Eastern District for Virginia, see Petition at 1; Motion to File Successive Petition at 1, and appealed that court's denial of his petition to the Fourth Circuit, see Keselica v. Stouffer, 100 Fed. Appx. 142 (4th Cir. 2004).

Moreover, Petitioner's dispute is with the State of Virginia, not the State of Rhode Island. Virginia is the state of conviction and of sentencing. It is a Virginia judgment that is under attack, and Virginia, not Rhode Island, must defend it. See Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 498-99, 93 S.Ct. 1123, 1131-32 (1973)("the State holding the prisoner in immediate confinement acts as agent for the demanding State, and the Custodian State is presumably indifferent to the resolution of the prisoner's attack ...."); see also Smart v. Goord, 21 F.Supp.2d 309, 314 (S.D.N.Y. 1998)("The events giving rise to [the petitioner's] habeas claims occurred in the District of New Hampshire, as she asserts that her constitutional rights were violated during her trial and sentencing there.").

consider his Petition. On the contrary, he is seeking permission from this Court to file his Petition, which he concedes is a second or successive petition. See Motion to Invoke Jurisdiction at 2 ("Petitioner respectfully requests this Court ... to hear Petitioner's successive subsection 2254 habeas petition, as it can, as Petitioner is currently incarcerated in Rhode Island and as the U.S. District Court of Virginia has continually shown indifference and prejudice towards Petitioner's valid arguments ...."); Motion to File Successive Petition at 2 (noting that alleged legal error and new evidence "begs this successive 2254, from a neutral court ..." and requesting that this Court "allow a successive 2254 habeas petition to be filed"). This Court has no authority to grant such permission. See 28 U.S.C. § 2244(b)(3)(A); Stewart, 523 U.S. at 641, 118 S.Ct. at 1620; Felker, 518 U.S. at 657, 116 S.Ct. at 2337; Rodwell, 324 F.3d at 68; cf. United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999) ("[A] district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals.")(quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)). Accordingly, the Motion to Invoke Jurisdiction, Motion to File Successive Petition, and Motion for Filing Authorization[9] are DENIED.

In addition, in the absence of "an order authorizing the district court to consider the [Petition]," 28 U.S.C. § 2244(b)(3)(A), the Court finds that it would be premature to consider the Motion to Amend, Motion to Supplement, and Motion for Release. Therefore, the Motion to Amend, Motion to

---

[9] Petitioner's Motion for Filing Authorization (Doc. #9) ("Motion for Filing Authorization") bears the heading "In the United States Court of Appeals for the First Circuit." Motion for Filing Authorization at 1. Petitioner appears to have intended to file this motion with the First Circuit. See Petitioner's Response to Objection at 1. However, it was filed with this Court on November 6, 2006. See Docket. Such a motion must be filed directly with the First Circuit.

Supplement, and Motion for Release are DENIED without prejudice to their being refiled at a later date, if and when this Court is authorized by the appropriate court of appeals to consider the Petition.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
December 8, 2006

BY ORDER:

Deputy Clerk