UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL KESELICA, Petitioner | ) |
| v. | ) C.A. No. 06-448 ML |
| WARDEN MCCAULEY et al Respondents | ) |

PETITIONER'S RESPONSE TO RESPONDENTS OBJECTION TO INVOKE JURISDICTION

COMES NOW Petitioner, Michael Keselica, prose, and responds to Respondents Objection to Invoke Jurisdiction by stating the following:

I. INTRODUCTION

This Court does have, and can exercise, jurisdiction for the facts as set forth below (See III. Argument).

First, there are several prejudicial mistakes made by Respondents in their paragraph denoted as "II. Background" which need to be corrected and clarified as they form the basis for Petitioner's new 2254 filing in this Court.

II. BACKGROUND CORRECTIONS AND CLARIFICATIONS

1. Page 3, paragraph 1: "The Petitioner had been free on bond pending appeal, during which time the special conditions of his probation requiring restitution remained in full force and effect."

Attached to Petitioner's Response is Petitioner's Appeal Bond (Exhibit 1) cited by Respondent. The only special conditions of the Appeal Bond was: "Bond is Contingent Until Such Time as the Court of Appeals Renders a Decision."

There was no special condition of my probation requiring restitution which remained in full force and effect after my probation was terminated. There was a Final Order dated October 22, 1999 (Respondent's Exhibit 4), terminating Petitioner's probation, imposing seven years of Petitioner's ten year suspended sentence and reducing Petitioner's restitution balance to a civil judgment. There was no other Court Order placing Petitioner back on probation.

2. Page 3, paragraph 2. Petitioner did appear as ordered on 11/30/99 (Fixed hearing on December 17, 1999). A simple check of the public records reflects this fact, supported by the fact that no failure to appear warrant was generated if Respondent was correct with this statement — he was not.

The August 16, 2004 Warrant was issued as a result of Petitioner's letter to then Virginia Governor Mark Warner seeking the assistance of the Office of the Governor in removing Virginia's clearly erroneous June 6, 2001 Violation of Probation Bench Warrant from the NCIC database.

The August 16, 2004 Warrant was issued after an August 9, 2004 hearing during which the Virginia trial justice stated on the record (see Exhibit 2) that the June 4, 2001 Bench Warrant was issued to bring Petitioner to Virginia to begin serving a seven year sentence as Petitioner's appellate remedies were exhausted. It was not, as incorrectly stated by Respondent, for Petitioner's

failure to appear for a December 17, 1999 hearing from a November 30, 1999 Show Cause Summons.

Furthermore, the "Amended" bench warrant cited by Respondent on page 3, paragraph 2 is not for a probation violation alleged to have occurred on June 4, 2001. The June 4, 2001 date relates to a letter referenced by a Virginia probation officer. As stated by the Virginia trial justice at the August 9, 2004 hearing, this warrant was issued based on that Court's desire to have Petitioner begin serving a seven year sentence.

This June 6, 2001 Warrant was "Amended" on August 16, 2004 as a veiled attempt to circumvent Petitioner's res judicata, collateral estoppel or double jeopardy arguments. Petitioner's Virginia attorney never was provided with the Amended August 16, 2004 Warrant, only the August 16, 2004 Warrant to begin serving a seven year sentence, as the court stated that Petitioner had now exhausted all his appellate remedies (although Petitioner had not).

Furthermore, the Virginia court stated that no more warrants were forthcoming at that point (see Ex. 3, page 7) but then the June 6, 2001 Warrant was re-issued as an August 16, 2004 Amended Warrant — amended based on three typographical errors — the removal of one 's' in Petitioner's last name, the word 'months' inserted for 'days' and the word 'June' for 'May'.

Finally, Respondent references that "Petitioner had been free on bond pending appeal, during which time the special condition of his probation requiring restitution remained in full force and effect."

If this was true and if it was true that I failed to appear as ordered on November 30, 1999 and if the June 6, 2001 Warrant was correct then how is it that my appeal bond was returned to me in October 2002. – it's because Respondents statements just cited did not occur or are not true.

## III. ARGUMENT

This Court has jurisdiction to hear Petitioner's Petition for the reasons as set forth below.

1. "Habeas Corpus on behalf of an incarcerated prisoner lies only in the district of his incarceration." Johnson v. Matthews, 86 U.S. App. D.C. 376; 182 F.2d 677 (1950).

After successfully contesting extradition (on June 4, 2004) to Virginia, while in Maryland, Petitioner moved back to Rhode Island after the death of his Mother on June 3, 2006 to care for his father. On August 3, 2006, while returning home from work, Petitioner was stopped by a Rhode Island State Trooper for a lane violation and a subsequent NCIC check revealed Virginia's Violation of Probation Warrant, the same warrant Petitioner successfully contested extradition on in 2004. Petitioner was consequently incarcerated at the Adult Correctional Institution, Cranston, Rhode Island as a fugitive from justice.

Thus, Petitioner has [and can] file a habeas petition in this Court as Petitioner is incarcerated within the jurisdiction of this Court and due to the violation of Petitioner's constitutional rights here in Rhode Island, hence this instant

habeas petition before this Court.

2. Respondent asserts that Petitioner must obtain permission from the Court of Appeals to file his new habeas 2254 petition but it remains to be seen if in fact this petition is considered a successive 2254 petition. As Respondent points out, the only exception to this general rule arises when a second habeas petition raises constitutional issues that could not have been included in the initial habeas petition.

Petitioner filed his habeas 2254 petition on October 4, 2006.

On October 23, 2006 Petitioner filed a Motion to Supplement and on October 24, 2006 filed Petitioner's Motion to Amend.

Inclusive of these three filings the following constitutional issues are being raised that could not have been included in the initial habeas petition filed on August 13, 2002.

(i) The Commonwealth of Virginia did not have jurisdiction to indict and convict Petitioner as Virginia could not satisfy the extradition test of identifying Petitioner in that state. Therefore, this conviction is in direct violation of Petitioner's constitutional right to be tried where the offense occurred (See page 11 for the remaining issues).

This claim could not have been raised in Petitioner's previous habeas petition because Petitioner did not successfully contest extradition to Virginia, proving that Petitioner was not a fugitive from justice, until June 4, 2004, nine months after the dismissal of Petitioner's habeas petition.

Furthermore, Petitioner could not raise this claim as he has not been 'in custody' until this point in time. Petitioner has to be 'in custody' in order to file a habeas petition.

This Court does have jurisdiction to hear this claim and the others. As Virginia had adopted the 'result theory' epoused in Strassheim v. Daily, 221 U.S. 280, 285 (1911) to confer jurisdiction in prosecuting Petitioner for acts done outside Virginia's jurisdiction, Petitioner is utilizing the same theory in confering/affirming jurisdiction on this Court.

The Constitutional harm to Petitioner of Virginia's recent illegal actions occurred here in Rhode Island.

Virginia submitted a perjured requisition affidavit[1] to officials in Rhode Island which has resulted in Petitioner's current incarceration.

As a result of Petitioner's arrest as a fugitive from justice from Virginia for allegedly violating the terms of his probation, Petitioner is now "in custody" in Rhode Island and Habeas Claims 1-4 have been submitted by Petitioner to this Court, as well as the resurrection of an "Amended" Claim,[2] Claim 6, amended based on the availability of new evidence[3] — new evidence which surfaced

* 1 It is important to note that Petitioner has filed a civil rights action in the United States District Court for Rhode Island against Defendants Rhode Island Governor Donald Carcieri and Rhode Island Attorney General Patrick Lynch, CA 1:06 cv 490, alleging the violation of Petitioner's civil and constitutional rights as a result of a perjured requisition affidavit submitted by Virginia to Rhode Island and the negligence of, and criminal misrepresentation made by, these defendants, as an aider and abettor to Virginia's criminal actions. As a result, Petitioner has been referred to the FBI by the U.S. Attorney's Office based on the criminal actions of these defendants and the Commonwealth of Virginia.

* 2 If Petitioner could not be extradited from Maryland to Virginia on the acts and crime alleged by the Commonwealth of Virginia, then Virginia did not have jurisdiction to indict, prosecute and convict Petitioner, as the Commonwealth of Virginia could not meet the extradition test of identifying Petitioner in that State.

* 3 The new evidence includes: (1) the granting, in Maryland, of Petitioner's Writ of Habeas Corpus, dated June 4, 2004; (2) Virginia's "Amended" Bench Warrant dated August 16, 2004; (3) Virginia's Bench Warrant dated August 16, 2004; (4) Virginia's perjured requisition affidavit dated February 19, 2004; (5) the August 9, 2004 hearing transcript from Virginia; (6) August 3, 2006 Rhode Island fugitive from justice from Virginia complaint; and (7) Virginia's perjured requisition affidavit dated August 23, 2006.

here in Rhode Island and new evidence which has violated Petitioner's constitutional and civil rights here in Rhode Island.

Thus, since the recent results of the constitutionally violative "acts" of both Rhode Island[4] and Virginia had its effect on Petitioner here in Rhode Island, within the territorial limits of this Court, and, as the "acts" crossed state lines from Virginia into Rhode Island, any U.S. District Court along that path could conceivably be deemed to have jurisdiction, none more so than Rhode Island, the State where the final effects of these acts took Petitioner's liberty here in Rhode Island, reinforced by the fact that the "true custodian" of Petitioner is the Warden of the ACI Intake Service Center, Warden McCauley.

Additionally, Respondent states on Footnote 4 on page 8 of Respondent's Motion to Invoke Jurisdiction that if this Court had jurisdiction and if Petitioner's habeas petition was interpreted as challenging my extradition to Virginia, this Court would nevertheless have to dismiss or deny Petitioner's habeas petition for its failure to exhaust state remedies.

As stated in Johnson v. Dye, 175 F.2d 250 (1949):

> "The doctrine of exhaustion of state remedies in habeas corpus cases does not apply to extradition."

It is further stated in Johnson that:

> "The Writ may be allowed either by a state or federal court. If a petitioner has begun a proceeding in a state court for habeas corpus he can nonetheless discontinue that proceeding and file his petition for relief in a federal district court."

In other words, there is concurrent jurisdiction and exhaustion

* 4 The State of RI has helped further Virginia's criminal and constitutionally violative actions in incarcerating Petitioner by turning a "blind eye" to Virginia's actions but also in purposely misrepresenting Virginia's actions to the Courts here in Rhode Island.

does not apply.

DeGenna v. Grasso, 413 F.Supp. 427 (1976) states that:

"Extradition demands pending before the defendant Governor are not truly "state cases" involving the criminal laws of Connecticut, in which the state's interest would be protected by the Younger doctrine. The obligation of a state to extradite an accused person on demand of another state has its source in the federal Constitution, and is regulated by federal regulation."

If this Court rules that the U.S. District Court for the Eastern District of Virginia, located in Richmond, Virginia, some 700 miles away, is the proper court to hear Petitioner's new habeas 2254 petition, how does Petitioner get there? Will the State of Rhode Island spend thousands of dollars to fly Petitioner there or drive Petitioner 10 miles to Providence?

What difference does it make if the U.S. District Court for Rhode Island or the U.S. District Court for the Eastern District of Virginia hear Petitioner's case. Unlike state laws, which are varied, Federal laws are unilateral (or are suppose to be) among all districts. The economies of justice warrant granting Petitioner's Motion to Invoke the Jurisdiction of the U.S. District Court for the District of Rhode Island.

- Respondent states on Page 5 of his Objection that:

"The only exception to this general rule[5] arises when a second habeas petition raises constitutional issues that could not have been ~~violated~~ included in the initial habeas petition."

Petitioner has done so — see (i)

- Page 5, paragraph 1:

5 obtaining permission from the appropriate court of appeals to file a second or successive federal habeas petition.

"It is equally clear that the Petitioner does not now assert new constitutional issues relating to his conviction or adjudication entitling him to proceed without the permission of the appellate court."

Yes, Petitioner has – see (i)

• Page 6, Paragraph 1:

"Second, and more fundamentally, this Court may not exercise jurisdiction over the Petitioner's habeas petition as it challenges the constitutionality of his Virginia embezzlement conviction, his Virginia probation violation adjudication, and the validity of various bench warrants that a Virginia court issued."

Yes, this Court can exercise jurisdiction over Petitioner's habeas petition for the same reasons why Virginia exercised jurisdiction over Petitioner for the acts of an alleged [6] embezzlement committed in Maryland. Virginia did so by implementing the "Result Theory" epoused by the U.S. Supreme Court in Strassheim v. Daily.

Therefore, since the Virginia and Federal Courts did nothing to invalidate or disprove the "Result Theory," although in Petitioner's and the U.S. Constitution's opinion it violated Petitioner's constitutional right to be tried in the place where the crime was committed (Maryland), Petitioner will apply it to the case at hand in confering jurisdiction to this Court, because the effects of Petitioner's Virginia embezzlement conviction, probation violation adjudication and [specifically] the validity of various Virginia bench warrants, is "felt" by Petitioner here in Rhode Island, in other words, the "harm" (imprisonment, etc.) to

[6] Based on the same acts in Maryland (all the acts were committed in Maryland), Petitioner was convicted of the sale of unregistered securities.

Petitioner is here in Rhode Island. What's good for the goose is good for the gander.

• Page 6, paragraph 1:

"A court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner."

The United States District Court for the District of Rhode Island has jurisdiction over Petitioner — "diversity*" jurisdiction" and otherwise.

Furthermore, contrary to Respondent's contention that Virginia is the "true custodian," that Petitioner is, and has been, in the custody of Virginia, the facts say otherwise.

Custody, as defined, states: "such control over a person as will insure his or her presence at a hearing."

Can Virginia insure Petitioner's presence at a hearing? No and Petitioner has proven as such by contesting extradition to Virginia, proving "beyond any doubt" that Petitioner was not a fugitive from justice pursuant to the U.S. Constitution.

Therefore, Respondent's claim that Virginia is the "true custodian" is factually incorrect. Virginia tried but could not legally insure Petitioner's presence at a hearing.

• Page 6, paragraph 2:

"The Petitioner has not been indicted or convicted of any offense in this state."

No, but Petitioner has been charged in this state - as a fugitive from justice.

The remaining Constitutional claims as elaborated on in

* jurisdiction that federal courts have when the opposing parties are from different states. The circumstances that grants to federal courts original jurisdiction over cases.

Petitioner's subsection 2254 habeas petition filed on October 4, 2006 are summarized below:

(ii) collateral estoppel-double jeopardy – another violation of probation warrant issued on a probation that was already terminated and that Petitioner was already punished for;

(iii) violation of my right to due process due to the contradictory bench warrants and judicial and prosecutorial statements (or misstatements) and the custodial effects of said warrants; and

(iv) violation of my right to a fair and impartial hearing and my right to liberty based on the contents of the warrants issued. etc.

## IV. CONCLUSION

For the reasons identified above, Petitioner is not offering an invitation to this Court to invoke jurisdiction but calling upon this Court to assert its constitutionally mandated powers for a Petitioner who is currently illegally deprived of his liberty under this Court's custody and jurisdiction.

Respectfully submitted,

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2006 a copy of the foregoing was mailed postage paid first class to Christopher Bush, 150 S. Main Street, Providence, RI 02903.

Michael Keselica