# RECOGNIZANCE

VA. CODE [illegible] CROWN? COURT OF APPEALS — Hearing Date and Time — Case No. [illegible]

FAIRFAX COUNTY CIRCUIT COURT — Court — City or County; 4110 CHAIN BRIDGE ROAD, FAIRFAX, VIRGINIA — Court — Street Address

[X] Commonwealth of Virginia v. MICHAEL G. SESELICA — Defendant — Name (last name first, then first name and initials)

[ ] ..........

8332 COTTAGE HILL COURT, GAITHERSBURG, MD 20877 — Defendant — Residential Address and Telephone Number

Mailing address: [X] Same as above [ ] ..........

Offenses Charged: EMBEZZLEMENT

**I, THE DEFENDANT**, by signing this form, promise to appear in court on the date and time noted above. If this date, time or place is changed for any reason by any court or judge, I also promise to appear as so directed. I understand that I [X] may [ ] may not leave the Commonwealth of Virginia until my case, and any appeals in my case, are finished. I further agree to keep the peace and be of good behavior and agree to follow the conditions listed below [ ] and any other conditions listed on the reverse.

BOND IS CONTINGENT UNTIL SUCH TIME AS THE COURT OF APPEALS RENDERS A DECISION

**I UNDERSTAND THAT:** (1) If I fail to obey any of the above terms and conditions, I may be ARRESTED and, if a bond was posted, the court may forfeit (collect on) the bond; (2) if I fail to appear, the court may try and convict me in my absence; (3) if I fail to appear in Circuit Court on a misdemeanor charge, I give up my right to a jury trial; (4) failure to appear is a separate crime; (5) I must promptly notify the court of any change in my mailing address or where I live while this case is pending.

I certify that this document contains my current mailing address. X [signature] — Defendant

( __ check if applicable) The defendant is released into the custody of the person/organization named below upon completion of this part: By signing this part, the custodian named below agrees to take custody of the defendant and see that the defendant obeys the conditions listed above. If the defendant disappears or does not obey every condition, the custodian promises to notify the court at once.

.......... Custodian — Name and Address  X [signature] Signature of Custodian

BOND AS CONDITION OF RECOGNIZANCE: By signing this Bond, the defendant and each person signing as surety agree that they and their heirs and assigns owe the sum of $ 7,500.00 to [X] the Commonwealth of Virginia [ ] Locality whose laws are alleged to have been violated. This debt is: [ ] UNSECURED [ ] SECURED BY [X] Cash [ ] Corporate Surety [ ] Professional Bondsman (DC-332, attached) [ ] Other Solvent Surety(ies) whose ability to pay this debt is measured by the value of real or personal property which they own and who further swear or affirm that the value of such property (after subtracting debts that are liens against the property such as mortgages, unpaid judgments, and unpaid tax liens) equals or exceeds the amount of this bond, (DC-332, attached). Each person who signs this bond agrees to the bond terms on both sides of this form and the terms on the other side are incorporated by reference.

**Insert each surety's name, address, telephone number, social security number (or federal tax ID number), date of birth (if applicable) and the name of authorized agent(s)/attorney(s)-in-fact:**

John Zwerling
108 N. Alfred Street
Alexandria, VA 22314

X [signature] (SEAL) DEFENDANT

__________ (SEAL) SURETY

__________ (SEAL) SURETY

ADMITTANCE TO BAIL: After I explained the conditions and warnings contained in this document, the defendant and each person signing as surety swore or affirmed to fulfill the recognizance and, if any, the bond. I order the defendant released on the conditions listed in this document.

[signature]
[ ] CLERK [ ] MAGISTRATE [ ] JUDGE

COURT OF APPEALS — JURISDICTION (IF DIFFERENT FROM COURT)

9/23/99 — DATE AND TIME

## ADDITIONAL CONDITIONS OF RECOGNIZANCE:

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

## ADDITIONAL BOND PROVISIONS:

The defendant and each person who signed the bond as a surety give up any homestead exemption as to the debt of this bond and understand that the court may force the sale of ANY property owned by the defendant or any surety to pay the debt if the defendant fails to obey all of the terms and conditions of the recognizance. Each person who signed this bond promised to keep title and possession of all property used to measure the ability to pay the debt of this bond in his or her name and not use such property as collateral for any loan or debt or to allow liens against such property which would prevent the payment of the debt of the bond. The terms and conditions of the Recognizance are incorporated by reference, and each person who signed the forms agrees to obey all of the terms and conditions on both sides of this form. If the defendant obeys all of the conditions listed in the Recognizance, the debt of this bond is void. If the defendant fails to obey any of the conditions listed in the Recognizance, the people who signed the bond may be required to pay the amount of the bond.

## BOND SECURED WITH CASH:

1. According to the provisions of § 58.1-535, if the person who posted the cash bond (which means the defendant or any other person who posted the cash bond for him/her), owes any debts to the court where the bond is posted, the cash bond or any balance remaining after payment of fines and costs, may be claimed by the court under the Virginia Setoff Debt Collection Act.

2. If the defendant appears and obeys all of the conditions of the Recognizance and is convicted, according to the provisions of § 19.2-121 of the Code of Virginia, the court may not take the fines and costs out of the cash bond posted unless the defendant, if he/she posted the cash bond, or the person who posted the cash bond for the defendant, agrees to let the court do so.

   I have posted the cash bond. I agree to let the court take the fines and costs out of the cash bond.

   ______________________________ ______________________________
   Surety Defendant

3. If the defendant fails to come to court on the date and time listed in this document, or on any other dates, times or places which any court or judge may set, the defendant gives up any right to notice of any proceeding to forfeit (collect on) the bond, and the court may forfeit the bond without notifying the defendant. The defendant also agrees that any notice of a proceeding to forfeit the bond does not renew a right to such notice. If the court does contact the defendant about a hearing to forfeit the bond, the court does not have to notify the defendant again if the bond is forfeited at the first hearing.

4. If the defendant posted a cash bond and does not come to court and if convicted, the court must take the fines and costs out of the cash bond posted. The court also must forfeit any of the cash bond left over without notifying the defendant. If the court grants a rehearing and finds that good cause has been shown, the court may remit any amount of the cash bond not applied to fines or costs and order a refund by the State Treasurer. This means that if the court decides that there is a good reason to do so, the defendant may get back that part of a cash bond not used to pay fines and costs.

5. If the defendant posted a cash bond and does not come to court and the court does not try the defendant in his or her absence, the court must forfeit the entire bond at once and without notice. If the defendant appears in court within sixty (60) days after the court forfeits the bond, the court may order the State Treasurer to refund all or part of the cash bond.

## RIGHT TO APPEAL

You have the right to appeal the amount of this bond. You also have the right to appeal any condition of release. If you want to appeal, contact a lawyer or the court listed on the other side of this form.

Exhibit R

V I R G I N I A

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

- - - - - - - - - - -x

COMMONWEALTH OF VIRGINIA :

-vs- : CRIMINAL DOCKET NO. 87970

MICHAEL G. KESELICA, :

Defendant. :

- - - - - - - - - - -x

Circuit Courtroom 4H
Fairfax County Courthouse
Fairfax, Virginia

Monday, August 9, 2004

The above-entitled matter came on to be heard before THE HONORABLE STANLEY P. KLEIN, JUDGE, in and for the Circuit Court of Fairfax County, in the Courthouse, 4110 Chain Bridge Road, Fairfax, Virginia, beginning at 9:35 o'clock a.m.

APPEARANCES:

On Behalf of the Commonwealth:

IAN M. RODWAY, ESQUIRE
Assistant Commonwealth's Attorney

On Behalf of the Defendant:

COURTNEY KUESTERS, ESQUIRE

P R O C E E D I N G S

(The Court Reporter was previously sworn by the Clerk of the Court.)

THE COURT: Commonwealth versus Michael Keselica.

MS. KUESTERS: Good morning, Your Honor.

THE COURT: Good morning.

MS. KUESTERS: I have a substitution of counsel order.

(Ms. Kuesters handed a document up to the Court.)

THE COURT: Okay. Let the record reflect the fact that this is the matter of the Commonwealth of Virginia versus Michael Keselica, criminal number 87970. The Defendant is not present. Ms. Courtney Kuesters is entering an appearance on his behalf, and the Commonwealth is represented by Assistant Commonwealth's Attorney, Mr. Ian Rodway.

I'm entering the order of substitution of counsel at this time.

Why is Mr. Keselica not here today?

MS. KUESTERS: Your Honor, I would respectfully decline to answer that question.

THE COURT: Okay.

MS. KUESTERS: I don't wish to prejudice my client.

THE COURT: The matter is before the Court because I issued a bench warrant for Mr. Keselica years ago for violation of the terms of his probation.

After I found that he was in violation of the terms of his probation, he was incarcerated, if I remember correctly, by the authorities in Montgomery County, Maryland, and did not appear here for purposes of beginning the sentence that I imposed at the revocation hearing.

A detainer was lodged with the authorities in Maryland, and the Probation Office confirmed the fact that they had my bench warrant as a detainer against Mr. Keselica.

Information has been related through the office of the Commonwealth Attorney that, notwithstanding that, Mr. Keselica was released from incarceration in Maryland and this Court was never notified by the Maryland authorities that they felt that my bench warrant did not have either any legal efficacy or they just didn't feel that they were going to bother complying with the terms of

my bench warrant.

As Mr. Keselica is not here and there's a seven-year sentence that he's supposed to be serving, I'm going to issue a bench warrant for Mr. Keselica's arrest at this time.

I'm going to ask Mr. Rodway that it be forwarded to the Montgomery County Police; and in light of what's happened in this case, I want them to take Mr. Keselica into custody at the earliest possible opportunity and I want Mr. Keselica back before this Court at the earliest possible opportunity.

And I'm going to order that no bond be set -- the strongest recommendation that no bond be set until Mr. Keselica appears before this Judge.

Is there anything further in this cause at this time?

MS. KUESTERS: Your Honor, I'd just like to advise the Court of my understanding why the bench warrant that was lodged as a detainer was not -- that the Court in Maryland did not send him back here.

It's my understanding that he fought extradition in Maryland, and his reasoning was that the bench warrant that was issued was stating that he had a

new violation of probation. And the Court there found that he was not placed back on probation when he was on his appeal bond. And that seems to be the whole sticking point as to why Mr. Keselica has not come back here before this Court.

I believe, if I can get something in writing that sets forth that the Court wants him back, not because there's an allegation that there's a new violation of probation, but that the reasoning behind getting him back was solely for the purpose of the original seven-year sentence that you imposed --

THE COURT: Well, it wasn't the original seven-year sentence.

MS. KUESTERS: On --

THE COURT: It was an initial --

MS. KUESTERS: On the --

THE COURT: It was an initial sentence. John Zwerling was retained. I reduced Mr. Keselica's sentence based upon the representations that he made relating to his ability to make restitution.

Then he violated the terms of his probation, and I found him in violation of the terms of his probation and I imposed a seven-year sentence for violating the

terms of his probation.

So, there was a revocation hearing, and I can't imagine that a Maryland Court determined that I didn't have jurisdiction. I haven't seen any documentation.

on 9/17/99

But I found him in violation of the terms of his probation, and while I was trying to have him brought back here for purposes of serving that, he was incarcerated in Maryland for failing to do what the Maryland Court had required of him.

The 6/6/01 VOP bench warrant

I was advised that he was sentenced to a period of incarceration in Maryland and the detainer was lodged. So, I'm not sure why -- if you have documentation or information that is supplied to you from the courts, you can file whatever you want, but I'm not going to take any action on Mr. Keselica's behalf until Mr. Keselica is in front of me.

So, he needs to be back here before I'm going to consider anything you may file on his behalf, Ms. Kuesters.

MS. KUESTERS: I guess the question I have is, do we have -- after the violation that was filed and you found him in violation and you imposed seven years of his

On 9/17/99

* sentence, * is there another probation violation that is looming out there? (Since 9/17/99 ?)

* THE COURT: Since then? (9/17/99)

* MS. KUESTERS: Since then. (9/17/99)

* THE COURT: Not at this time, but if he remains a fugitive there may be another one.

But no, ma'am; I originally imposed a sentence, it was reduced to 364 days -- if I remember correctly -- and then he came back in front of me and I found him in violation of the terms of his probation. And, if I remember correctly, that's when I imposed the seven-year sentence.

And the case went up on appeal -- that's what happened. I imposed the seven-year sentence; the case went up on appeal; an appeal bond was set in Virginia; the Court of Appeals affirmed my decision, and, if I understand correctly, the Supreme Court denied hearing his appeal.

And by the time I received word from Virginia's Appellate Courts that his appellate remedies had been exhausted, he was incarcerated in Maryland. So, a bench warrant was issued for that, and it was lodged as a detainer in Maryland. And I'm not sure why he was

released by the Maryland authorities.

MS. KUESTERS: And that's where the confusion was at that point. At that point the bench warrant that you lodged as a detainer -- Maryland's understanding and Mr. Keselica's fight in the extradition on that was -- there was a belief that that was a new probation violation after you had already found him in violation and imposed seven years and then I think he was released on the appeal bond.

So, there was a question as to whether or not the bench warrant should have been stating probation violation or it should have been stating he violated a term of his appeal bond for being picked up in Maryland and --

THE COURT: Okay -- it wasn't his appeal bond. * It was because I imposed a seven-year sentence, he appealed, I allowed a bond to be set and he made bond, and then when he'd lost his appeals he never came back to serve his sentence. He's going to come back to serve his sentence, and I'm issuing a bench warrant for his arrest at this time. Okay?

MS. KUESTERS: I understand, Your Honor. Thank you.

THE COURT: And I urge Mr. Keselica to turn himself in, and if you have anything you want to file on his behalf you can take care of it at that time. Okay? Thank you.

MS. KUESTERS: Thank, Your Honor.

* * *

(Whereupon, at approximately 9:44 o'clock a.m., the hearing in the above-entitled matter was concluded.)

* * * * *

* * * * *

CERTIFICATE OF REPORTER

I, KATHLEEN M. ELIAS, a Certified Verbatim Reporter, do hereby certify that I took the stenographic notes of the foregoing proceedings which I thereafter reduced to typewriting; that the foregoing is a true record of said proceedings; that I am neither counsel for, related to, nor employed by any of the parties to the action in which these proceedings were held; and, further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially or otherwise interested in the outcome of the action.

Kathleen M. Elias, CVR
Certified Verbatim Reporter