UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL KESELICA, Petitioner, | : | |
| v. | : | CA 06-448 ML |
| WARDEN MCCAULEY, ACI, and COMMONWEALTH OF VIRGINIA, Respondents. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Michael Keselica ("Petitioner"), an inmate at the Adult Correctional Institutions in Cranston, Rhode Island. See Petition for Writ of Habeas Corpus Subsection 2254 (Document ("Doc.") #1) ("Petition"). Before the Court is Petitioner's Motion for Stay and/or Suspension of the Restraint on Petitioner from Rhode Island Governor[] Donald Carcieri's Rendition Warrant (Doc. #11) ("Motion for Stay" or "Motion"). Although the Motion was referred to me for determination, it seeks to stay a pending state court proceeding. See Motion (Doc. #11) at 1, 10. As this is in the nature of injunctive relief, the Motion must be addressed by a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(A);[1] Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir.

---

[1] 28 U.S.C. § 636(b)(1)(A) states that:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

1992)(stating that magistrate's imposition of a stay was beyond his authority in the absence of the parties' consent to his exercise of such power). For the reasons stated herein, I recommend that the Motion be denied.

**Facts**

The background surrounding this case has been set forth previously in the Memorandum and Order Denying Six Motions Filed by Petitioner (Doc. #15)[2] ("Memorandum and Order of 12/8/06") and

---

> A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

[2] Petitioner disputes certain facts alleged in Respondents' Objection to Motion to Invoke Jurisdiction (Doc. #13) ("Respondents' Objection"). See Petitioner's Response to Respondents['] Objection to Motion to Invoke Jurisdiction (Doc. #17) ("Petitioner's Response"). This disagreement does not affect the Court's determination of the instant Motion (or, for that matter, Petitioner's previous motions). However, in the interest of accuracy and completeness, the Court notes that Petitioner disputes:

1) that, during the time he was free on bond (pending appeal of the September 17, 1999, finding by the Circuit Court of Fairfax County, Virginia (the "VA Circuit Court") that he had violated probation), "the special conditions of his probation requiring restitution remained in full force and effect," Petitioner's Response (Doc. #17) at 1; see also id. at 2;

2) that he failed to appear for a hearing in the VA Circuit Court on December 17, 1999, as required by the November 30, 1999, order of that court, id. at 2;

3) that the August 16, 2004, VA Circuit Court Bench Warrant was issued because Petitioner allegedly failed to appear for the December 17, 1999, hearing, id. at 2-3 (Petitioner maintains that the warrant was issued as a result of his "letter to then Virginia Governor Mark Warner seeking the assistance of the Office of the Governor in removing Virginia's clearly erroneous June 6, 2001[,] Violation of Probation Bench Warrant from the NCIC database," id. at 2);

4) that the August 16, 2004, Amended Bench Warrant from the VA Circuit Court was issued because of a probation violation allegedly occurring on June 4, 2001, id. at 3 (Petitioner states that the Amended Bench Warrant "was issued based on that Court's desire to have Petitioner begin serving a seven year sentence," id.).

also in this Magistrate Judge's Report and Recommendation of 12/4/06 (Doc. #6) filed in Michael G. Keselica v. Donald L. Carcieri, Governor, et al., CA 06-490 S. In brief, Petitioner appears to contend that the current attempt to extradite him to Virginia is illegal and should be prevented because allegedly:

1) "[t]his is the fourth attempt by Virginia to extradite Petitioner on the same warrant,"[3] Petitioner's Motion for Conditional Release, or Bail, or Other Surety (Doc. #8) ("Motion for Conditional Release") at 3;

2) "Petitioner does not qualify as a fugitive from justice and is not subject to extradition under 18 U.S.C. [§] 3182 and Article IV, subsection 2, clause 2 of the United States Constitution," id.;

3) the "Virginia[] Governor's Requisition Warrant was issued based on a perjured requisition application from the Commonwealth Attorney for Fairfax County, Virginia,"[4] Motion for Stay (Doc. #11) at 6;

4) the Rhode Island Department of Attorney General in opposing Petitioner's motion for bail in the Kent County Superior Court on October 18, 2006, made "misrepresentations ... following, in suit, the perjured affirmations made by Virginia in

---

[3] According to Petitioner, two prior attempts in Maryland were dismissed as a result of procedural defaults by Virginia, and a third attempt was denied after a full habeas corpus hearing "during which the Circuit Court judge [for Washington County, Maryland] ruled that Petitioner was not a fugitive from justice and therefore not subject to extradition under the Uniform Extradition Act." Petitioner's Motion for Conditional Release (Doc. #8) at 3.

[4] Petitioner alleges that the requisition application from the Commonwealth Attorney falsely stated: 1) that Petitioner "was in the State of Virginia at the time of the commission of the said crime," Motion for Stay (Doc. #11) at 6; that "[n]o other application has been made for a requisition for said fugitive growing out of the same transaction herein alleged," id. at 6-7; and that "[t]his application is not made for the purpose of enforcing the collection of debt ...," id. at 7.

[its] Requisition Affidavit," Motion for Stay (Doc. #11) at 7;

5) Petitioner was not reinstated on probation after his probation was revoked on September 17, 1999, and that, therefore, he cannot be extradited for an alleged violation of probation occurring after that date,[5] see id. at 3 (faulting the Circuit Court of Fairfax County, Virginia (the "VA Circuit Court") for continuing to pursue Petitioner for violation of probation when "Petitioner's probation was terminated on September 17, 1999 ...");

6) that the seven year sentence should also be deemed voided by the issuance of an Amended Bench Warrant by the VA Circuit Court on August 16, 2004, "[b]ased on the fact that this is Petitioner's 4th arrest on the same probation warrant (and 3rd extradition fight) ...," id. at 2;

7) that Petitioner's "successful extradition fight [in Maryland] on June 4, 2004[,] as a fugitive from justice from Virginia for allegedly violating the terms of his probation ...," id., conclusively determined under principles of double jeopardy and res judicata that "same issue and claim," id. at 9, presumably referring to the issue of whether Petitioner was a fugitive from Virginia.

**Discussion**

By the instant Motion, Petitioner seeks "to stay the current extradition proceeding pending in the Superior Court for Kent County, RI, case no KM-2006-00920 ...," Motion for Stay (Doc. #11) at 8, pending final disposition of the Petition, see id. at

---

[5] Petitioner has also contended, albeit inconsistently, that "[t]he September 17, 1999[,] revocation of Petitioner's probation and imposition of a 7 year sentence was rendered null and void, according to the actions of the [VA Circuit Court] – **said actions reflect that Petitioner was placed back on probation**, nullifying the imposition of the 7 year sentence." Petitioner's Motion for Filing Authorization (Doc. #9) at 2 (bold added).

1, and also of "Petitioner's Motion to Re-Open Civil Action No. 3:02CV575 for Review by a United States District Court Judge," Motion for Stay (Doc. #11) at 2, which Petitioner states was filed on October 25, 2006, in the United States District Court for the Eastern District of Virginia, see id. Petitioner further seeks to be released from his current confinement during such stay. Id. at 10.

After researching and considering the matter, the Court concludes that the Motion should be denied for the following reasons. First, a federal court should refrain from interfering with a pending proceeding in state court. See Younger v. Harris, 401 U.S. 37, 45, 91 S.Ct. 746, 751 (1971)("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); see also McDonald v. Burrows, 731 F.2d 294, 296 (5th Cir. 1984)("Federal courts are not lightly to interfere in the constitutionally-mandated extradition process."). This is especially true when there is a proceeding already pending in the state court which affords Petitioner the opportunity to raise his constitutional claims. See Younger, 401 U.S. at 49, 91 S.Ct. at 753 (finding district court improperly enjoined district attorney from prosecuting petitioner for violating state criminal statute where "a proceeding was already pending in the state court, affording [petitioner] an opportunity to raise his constitutional claims"). Here the same proceeding which Petitioner seeks to stay appears to provide him with an avenue to seek relief, see R.I. Gen. Laws § 12-9-12 (2002 Reenactment) (granting prisoner right to test legality of arrest by applying for writ of habeas corpus),[6] and

---

[6] R.I. Gen. Laws § 12-9-12 (2002 Reenactment) provides:

> No person arrested upon a warrant issued under § 12-9-9 shall be delivered over to the agent whom the executive authority demanding him or her shall have appointed to receive him or

Petitioner appears to have availed himself of this avenue by filing a petition for a writ of habeas corpus in that court, see Memorandum of Law in Support of Objection to Motion to Invoke Jurisdiction,[7] Exhibit ("Ex.") 11 (Petition for Writ of Habeas Corpus filed in the Kent County Superior Court). As far as this Court is aware, that court has not yet ruled upon Petitioner's claims.

Second, it appears that granting Petitioner the relief he seeks would violate the Anti-Injunction Act, 28 U.S.C. § 2283.[8] There are three exceptions in the Act to the flat prohibition against injunctions to halt state court proceedings: specific authorization by a Congressional Act, jurisdictional necessity, and protection of federal court judgments. See id. This Court perceives no facts in Petitioner's case which appear to fall within one of those exceptions.

---

> her unless he or she shall first be taken immediately before a judge of a court of record in this state, who shall inform him or her of the demand made for his or her surrender and of the crime with which he or she is charged, and that he or she has the right to demand and procure legal counsel. **If the prisoner** or his or her counsel shall state that he or she or they **desire to test the legality of the arrest, the judge of the court of record shall fix a reasonable time to be allowed him or her within which to apply for a writ of habeas corpus.** When the writ is applied for, notice of the writ, and of the time and place of hearing on the writ, shall be given to the prosecuting officer and to the agent of the demanding state.

R.I. Gen. Laws § 12-9-12 (2002 Reenactment)(bold added).

[7] This memorandum was filed in support of the State of Rhode Island's Objection to Motion to Invoke Jurisdiction (Doc. #13).

[8] 28 U.S.C. § 2283 states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

Third, the Court has already denied Petitioner's motions to invoke jurisdiction, to file a successive petition, and for filing authorization, see Memorandum and Order of 12/8/06 at 12, because the Petition is a second or successive Petition, see id., and Petitioner has not obtained authorization or permission from the appropriate court of appeals, see id. at 11-12.

Fourth, Petitioner candidly admits in the Motion for Stay that he "is attempting to re-litigate the revocation of his probation and imposition of a 7 year sentence on September 17, 1999." Motion for Stay (Doc. #11) at 2. This Court has no jurisdiction to review these actions by a Virginia state court.

**Conclusion**

For the reasons stated above, I recommend that the Motion for Stay be denied. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 19, 2006