**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL KESELICA,** | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 06-448 ML** |
| | **:** | |
| **WARDEN MCCAULEY, ET AL.,** | **:** | |
| **Respondents.** | **:** | |

**OBJECTION TO PETITIONER'S OBJECTION AND MOTION FOR RECONSIDERATION TO THIS COURT'S MEMORANDUM AND ORDER DENYING SIX MOTIONS FILED BY PETITIONER**

For all of the reasons discussed in its accompanying memorandum of law, designated party/respondent State of Rhode Island objects to Petitioner's Objection And Motion For Reconsideration To This Court's Memorandum And Order Denying Six Motions Filed By Petitioner.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorney,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Christopher R. Bush

Christopher R. Bush, #5411
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: January 4, 2007

**Certificate of Service**

Pursuant to AP 10 of this Court, I hereby certify that on January 4, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of this Objection to be sent to the following by first class mail on January 4, 2007:

Michael Keselica
A.C.I.
P.O. Box 8249
Cranston, RI 02920

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL KESELICA,** | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 06-448 ML** |
| | **:** | |
| **WARDEN MCCAULEY, ET AL.,** | **:** | |
| **Respondents.** | **:** | |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PETITIONER'S OBJECTION AND MOTION FOR RECONSIDERATION TO THIS COURT'S MEMORANDUM AND ORDER DENYING SIX MOTIONS FILED BY PETITIONER**

## I. INTRODUCTION

Now comes the designated party/respondent State of Rhode Island ("State"), by and through its attorneys, and objects to Petitioner's Objection And Motion For Reconsideration To This Court's Memorandum And Order Denying Six Motions Filed By Petitioner ("Motion"). The Petitioner asks this Court to reconsider its December 8, 2006, Memorandum and Order ("Order") because the Court issued the Order before the Petitioner had the opportunity to submit a reply entitled "Petitioner's Response To Respondent's Objection To Invoke Jurisdiction" ("Response"), which the Petitioner filed on December 11, 2006. This Court should deny the instant Motion for the reasons discussed below.

## II. ARGUMENT

A thorough recitation of the facts and procedural history giving rise to the instant habeas petition is contained in the State's Memorandum Of Law In Support Of Objection To Motion To Invoke Jurisdiction. For purposes of the instant motion, there are only a few relevant procedural facts:

1. The Petitioner filed a Petition For Writ of Habeas Corpus Subsection 2254, Motion For The United States District Court Of Rhode Island To Invoke Jurisdiction To Hear Petitioner's Petition For Habeas Corpus Subsection 2254 ("Motion to Invoke Jurisdiction"), and Request For Permission To File A Successive Subsection 2254 Petitioner For Writ Of Habeas Corpus ("Successive Petition Motion") on October 11, 2006.

2. The State objected to the Motion to Invoke Jurisdiction and the Successive Petition Motion on November 29, 2006, pursuant to this Court's November 8, 2006, Order Directing Response To Motions.

3. The Petitioner filed a response to the objection to the Successive Petition Motion on December 8, 2006, entitled "Petitioner's Response To Respondents Objection To Petitioner Request For Permission To File A Successive Subsection 2254 Petition For Writ Of Habeas Corpus."

4. This Court issued its Order denying, *inter alia*, the Motion to Invoke Jurisdiction and the Successive Petition Motion on that same date, December 8, 2006. In so doing, the Court noted that it had received the Petitioner's December 8, 2006, response prior to issuing the Order, but found "nothing therein which alters the conclusions reached in this Memorandum and Order." Order at n.6.

5. The Petitioner filed the Response on December 11, 2006.

The sole basis for the Petitioner's motion to reconsider is that the Court issued its Order without the benefit of the Petitioner's December 11, 2006, Response. In the Response, the Petitioner identifies certain factual statements in the State's objections that he claims are inaccurate, *see* Response at 1-4, and advances one legal argument in support of his claim that this Court could exercise jurisdiction over the instant habeas petition even though his underlying conviction was in Virginia, *see* Response at 4. The Petitioner does not suggest, however, that the alleged factual inaccuracies warrant reconsideration of the Court's Order,[1] and the Petitioner's

---

[1] The Petitioner essentially identifies two alleged factual inaccuracies: (1) That the special conditions of the Petitioner's probation remained in effect while he was free on bond pending appeal of his violation adjudication; and (2) that the Petitioner failed to appear for a show cause hearing in violation of a November 30, 1999, Fairfax County Circuit Court order. Neither allegation is relevant or material to the issue of whether this Court may exercise jurisdiction over this second or successive petition—it cannot for the reasons that this Court identified in its Order. The State nevertheless stands by the first allegation of fact, which is based on

general jurisdictional argument is simply not relevant, as this Court held in its Order that, but for the second or successive nature of the instant habeas petition, this Court might otherwise be able to exercise jurisdiction over it. *See* Order at 8-10.

In addition, the Petitioner identified four reasons why his habeas petition did not constitute a second or successive petition:

> (i) The Commonwealth of Virginia did not have jurisdiction to indict and convict Petitioner as Virginia could not satisfy the extradition test of identifying Petitioner in that State. Therefore, this conviction is in direct violation of Petitioner's constitutional right to be tried where the offense occurred.
>
> * * *
>
> (ii) collateral estoppel — double jeopardy — another violation of probation warrant issued on a probation that was already terminated and that Petitioner was already punished for;
>
> (iii) violation of my right to due process due to the contradictory bench warrants and judicial and prosecutorial statements (or misstatements) and the custodial effects of said warrants; and
>
> (iv) violation of my right to a fair and impartial hearing and my right to liberty based on the contents of the warrants issued; etc.

Response at 4, 10-11.

None of the eleventh hour arguments are new, however, or warrant reconsideration of the Order. To the contrary, the Petitioner identified each and every one of these arguments in the

---

information contained in the documents that Virginia Governor Timothy M. Kaine sent to Rhode Island Governor Donald L. Carcieri as part of an August 28, 2006, request for the Petitioner's extradition.

The Petitioner may be correct about the second factual allegation, however—whether the Petitioner appeared in court in December 1999 as the November 30, 1999, show cause order required. The exhibit to which the State cited, Exhibit 6 to the State's memorandum, states that the Petitioner failed to turn himself in following the exhaustion of all of his appeals and that he was not present at an ***August 9, 2004***, hearing in the Fairfax County Circuit Court, although his attorney apparently was. Any error was certainly unintentional and the State apologizes for any confusion.

various motions or memoranda that he filed in advance of this Court's Order, including, but not limited to, his December 8, 2006, response to the State's objection to the Motion to Invoke Jurisdiction, which, as noted above, this Court found contained "nothing" that undermined or altered the holdings in its Order. *See* Order at n.6; *see also* Petition for Writ of Habeas Corpus Subsection 2254 at 3-5 (challenging extradition for probation violation because probation previously revoked/terminated and validity of various state court bench warrants); Motion to Invoke Jurisdiction at 2 (Virginia federal court "has continually shown indifference and prejudice towards Petitioner's valid arguments"); Successive Petition Request at 2 (requesting review by "neutral" Rhode Island court); Petitioner's Motion to Amend at 2-4 (alleging, among things, that (a) Virginia courts lacked jurisdiction over Petitioner, (b) Petitioner denied due process at violation hearing, (c) Petitioner is currently incarcerated in violation of double jeopardy clause of U.S. Constitution, and (d) statements from Virginia and Rhode Island officials in extradition papers are false); Petitioner's Motion to Supplement at 1-2 (Virginia courts lacked jurisdiction over Petitioner); Response to State's Objection to Successive Petition Motion at 2-3 (Petitioner states that he is seeking relief from "illegal" Fairfax County Circuit Court warrants, that Virginia court terminated Petitioner's probation, and that Virginia courts lacked jurisdiction over him). Indeed, the Petitioner concedes in his Motion that he advanced the latter three arguments in his original habeas petition. *See* Motion at 10 ("The remaining Constitutional claims as elaborated on in Petitioner's subsection 2254 habeas petition filed on October 4, 2006, are summarized below . . . .").[2]

---

[2] It would appear from the certificate of service attached to the habeas petition that the Petitioner sent the petition to the federal court for filing on October 4, 2006; the docket in this case reflects that this Court received and docketed it on October 11, 2006.

It is clear from this Court's Order that it reviewed all of the Defendant's filings. ***See*** Order at 1, n.6, 12-13. It is equally clear that the Court identified and carefully considered each and every one of the arguments that the Petitioner included in the Response. ***See*** id. at 8. As such, the State would respectfully submit that there is no legitimate reason for this Court to reconsider its thoughtful and thorough December 8, 2006, Order.

## III. CONCLUSION

For the reasons identified above, this Court should decline the Petitioner's invitation to reconsider its Memorandum And Order Denying Six Motions Filed By Petitioner dated December 8, 2006.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: January 4, 2007

**Certificate of Service**

Pursuant to AP 10 of this Court, I hereby certify that on January 4, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of this Objection to be sent to the following by first class mail on January 4, 2007:

Michael Keselica
A.C.I.
P.O. Box 8249
Cranston, RI 02920

/s/ Christopher R. Bush