UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL G. KESELICA,
Plaintiff

v. ) CA 06-448 ML

WARDEN MCCAULEY, ACI
and COMMONWEALTH OF VIRGINIA
Respondents

PETITIONER'S OBJECTION TO UNITED STATES MAGISTRATE JUDGE DAVID L. MARTIN'S DECEMBER 19, 2006 REPORT AND RECOMMENDATION

COMES NOW Petitioner, Michael G. Keselica, prose, and objects to U.S. Magistrate Judge David L. Martin's December 19, 2006 Report and Recommendation and in support thereof states the following:

On December 22, 2006, Petitioner received this Court's Report and Recommendation denying Petitioner's Motion to Stay in the above captioned case.

This Court, U.S. Magistrate Judge David L. Martin presiding, denied Petitioner's Motion based on four reasons.

First, this Court states a federal court should refrain from interfering with a pending proceeding in state court.

Second, this Court states that it appears that granting Petitioner the relief he seeks would violate the Anti-Injunction Act, 28 U.S.C. subsection 2283.

Third, this Court has already denied Petitioner's motions to invoke jurisdiction, to file a successive petition, and for filing authorization because the Petition is a second or successive Petition and Petitioner has not obtained authorization or permission from the appropriate

court of appeals.

Fourth, Petitioner candidly admits in the Motion for Stay that he "is attempting to re-litigate the revocation of his probation and imposition of a 7 year sentence on September 17, 1999." This Court has no jurisdiction to review these actions by a Virginia state court.

Petitioner has been candid about a lot of facts in his previous Motions to this Court but the only "candid" facts that are heeded by this Court are those which can be used against Petitioner in denying his motions.

As this Court has stated above (Reason No. 4), Petitioner candidly admits in the Motion for Stay that he "is attempting to re-litigate the revocation of his probation and imposition of a 7 year sentence on September 17, 1999."

However, as this Court is well aware, Petitioner cannot re-litigate claims in a second or successive petition that have already been litigated.

Furthermore, there are additional habeas claims in Petitioner's Petition which have not been raised before. As Respondent noted in Respondent's Response dated November 29, 2006:

> "The State acknowledges that the Petitioner's habeas petition would only be "second or successive" to the extent that he challenges the constitutionality of his embezzlement conviction or probation revocation adjudication." "[this Court] might be able to adjudicate claims that the Petitioner could not have raised in his initial habeas petition."

Petitioner could not have raised Claims 1-5 in his initial habeas petition back in 2002.

This Court stated in its' Report and Recommendation, quoting Younger v. Harris, that a federal court should refrain from interfering with a pending proceeding in state court.

However, the court in DeGenna v. Grasso, 413 F. Supp. 427 (Conn. 1976) held that the uniquely federal character of the extradition process (emphasis added) eliminated from the case most of the policy justifications for the Younger doctrine of equitable restraint.

In DeGenna v. Grasso, U.S. District Judge T. Emmet Clarie granted Plaintiff's motion for a preliminary injunction restraining the Connecticut Governor from signing a warrant for the arrest of the plaintiff, and ordered a three judge court be convened to hear the constitutional issues raised by the Plaintiff.

That Court further opinioned that:

> "Extradition demands pending before the defendant Governor are not truly "state cases" involving the criminal laws of Connecticut, in which the state's interest would be protected by the Younger doctrine. The obligation of a state to extradite an accused person on demand of another state has its source in the federal Constitution, and is regulated by federal legislation."

And as stated in Johnson v. Dye, 175 F.2d 250 (Pa. 3rd Cir.):

> "The doctrine of exhaustion of state remedies in habeas corpus cases does not apply to extradition."

The Johnson Court goes on to state:

> "After the governor causes, by his warrant, the arrest and delivery of a person charged as a fugitive from justice from another state, the prisoner, since he is held under color of authority derived from the Constitution and laws of the United States, may invoke the judgment of the federal tribunals on the lawfulness of his arrest and imprisonment.

Finally, extradition is an executive proceeding, not a state court proceeding.

Next, this Court states that there are three exceptions to the Anti-Injunction Act which this Court says Petitioner violated.

First, a specific authorization by a Congressional Act. That would be found in the [Congressional] Act of 1793, the predecessor to 18 U.S.C.S. subsection 3182, the Congressional Act which gives the Federal Court jurisdiction over Petitioner and thus entitles this Court to grant Petitioner's Motion for Injunctive Relief. Petitioner is currently held under this Act.

"Extradition clause of federal Constitution was not self-executing but was made effective by Act of Congress." U.S. ex rel Darcy v. Superintendent of County Prisons, 111 F.2d 409 (1940).

"Interstate extradition is essentially federal and not state matter." Lee Gim Bor v. Ferrari (1932, CA1 Mass.) 55 F.2d 86.

"Defendant could resort to either state or federal courts to question validity of extradition..." U.S. ex rel Davis v. Camden County Jail (1976, DC NJ) 413 F. Supp. 1265.

Finally, "jurisdictional necessity" voids the Anti-Injunction Act.

"There are "special circumstances" which require prompt federal intervention without deciding whether state remedies had been exhausted." Frisbie v. Collins, 342 U.S. 519, 72 S.Ct 509 (1952)

Extraordinary or special circumstances also may arise to permit a federal court to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. As stated in U.S. ex rel McInery v. Shelley, 524 F.Supp 499 (1981).

"Absent special circumstances, however, federal habeas corpus upon the motion of a state prisoner will never lie." Ex parte Royall,

117 U.S. 241, 6 S.Ct. 734 (1886).

Examples of "special circumstances" which can trigger federal habeas corpus, as cited by Royall are where the proceeding in the state court is void for want of jurisdiction or where bail was denied to the petitioner although reasonable bond was appropriate.

The "special circumstances" in Petitioner's case are the facts that Petitioner's extradition proceeding in Rhode Island is an executive proceeding – not a judicial proceeding. Furthermore, as cited above, Petitioner falls under federal jurisdiction – not state jurisdiction.

Additionally, as cited in Ex Parte Royall, Petitioner has been denied bail when bail should have been granted.[1]

Finally, Petitioner's current denial of liberty is due to criminal misrepresentations[2] made by both the Office of the Commonwealth Attorney for Fairfax County, Virginia and the Office of the Attorney General for Rhode Island. They have committed several crimes in order to keep Petitioner "in custody." Hopefully, this circumstance, in and of itself, can be deemed "special" and not a common occurrence in our legal system.

Therefore, the "jurisdictional necessity" of the granting of injunctive relief to Petitioner by this Court is evident from the constitutional and civil rights violations that Petitioner is being exposed to here in Rhode Island but is also needed for the irreparable injury that Petitioner is facing – both great and immediate.

As cited in Younger v. Harris, 401 U.S. 37, 45, 91 S.Ct. 746, 751 (1971)

[1] Petitioner had already successfully contested extradition to Virginia in 2004 on the same fugitive charge, facts and evidence brought forth in 2006.

[2] Petitioner's criminal complaint (violations of 18 subs. 241, 1001(a)(2) and 1621, Civil Rights subsection 11.955, 42 U.S.C. subsection 1983 and 1985) was received by the FBI and preliminary fact finding was conducted by the Special Investigation Unit at the ACI at the bequest of the FBI.

"Irreparable injury is the traditional prerequisite to obtaining an injunction."

Petitioner is facing imminent irreparable injury and this Court must, and can, issue an injunction to prevent or stop the conduct that is causing or threatening the injury. That imminent irreparable injury is Petitioner's illegal extradition to Virginia.

Extradition is summary in nature and is designed for the swift removal of the Petitioner to the demanding state. Additionally, an extradition proceeding does not offer Petitioner the full exposure to the constitutional rights that would be accorded him in a criminal proceeding.

Once extradited Petitioner's "injury" becomes permanent. The harm, illegally initiated by Virginia here in Rhode Island, becomes permanent upon Petitioner's removal to Virginia and there is no further redress for Petitioner in Virginia's Courts – Petitioner's case there is final.

Therefore, the threat to Petitioner's federally protected rights cannot be eliminated without federal intervention, now, here in Rhode Island.

Hence, Petitioner's 42 U.S.C. subsection 1983 suit – Keselica v. Carcieri, et al, CA 06-490; criminal complaint to the FBI; and Petitioner's Motion to Stay, CA 06-448 ML, before this Court.

Courts of equity have traditionally shown greater reluctance to intervene in criminal prosecutions than in civil cases. The offense to state interests is likely to be less in a civil proceeding. Extradition is a civil proceeding.

As stated in Younger v. Harris, quoting from McNeese v. Board of Education, 373 U.S. 668:

"We have already held that subsection 1983 requires no exhaustion of state remedies." "I hold to the view that subsection 1983 is included in the "expressly authorized" exception

to subsection 2283."

Subsection 2283 is the Anti-Injunction Act cited by this Court in denying Petitioner injunctive relief. The reasons cited by Petitioner in seeking injunctive relief via a Motion to Stay rise to the level of claims cognizable and remedied in a 42 U.S.C. subsection 1983 civil suit.[3] Therefore, injunctive relief is applicable in Petitioner's case.

Finally, as this Court has indicated, this Court has denied Petitioner's Motion to File a Successive Petition and for Filing Authorization because the Petition is a second or successive Petition and Petitioner has not obtained authorization or permission from the appropriate court of appeals. But as outlined above, the majority of the claims raised by Petitioner in CA 06-448 ML cannot be classified as falling into the category of a second or successive Petition. Furthermore, pending the obtainment of authorization or permission to the contrary, this Court must grant Petitioner's Motion for Stay to prevent imminent irreparable injury.

Petitioner left the State of Rhode Island in 1985 after graduating from the University of Rhode Island. At that time, this State was cloaked in an air of corruption. Petitioner returned twenty-one years later to hear the same anti-corruption political message amplified on T.V. Nothing seems to have changed, no more so evidenced by Petitioner first hand, by the criminal actions emanating from the Office of the Attorney General for Rhode Island in seeing that Petitioner's constitutional and civil rights are violated so that Rhode Island can tell Virginia they won the case. God help us.

[3] See Keselica v. Carcieri, et al, CA 06-490.

WHEREFORE, Petitioner respectfully requests this Court to grant Petitioner's Motion to Stay pending resolution of Petitioner's habeas claims, whether here in Rhode Island or there in Virginia, as Petitioner is here in Rhode Island.

Respectfully submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8249
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of December a copy of the foregoing was mailed postage paid first class to the Office of the Attorney General, 150 So. Main Street, Providence, RI 02903

[signature]
Michael Keselica