UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL KESELICA, Petitioner, | : | |
| v. | : | |
| | : | CA 06-448 ML |
| WARDEN MCCAULEY, ACI, and COMMONWEALTH OF VIRGINIA, Respondents. | : | |

**ORDER DENYING**
**MOTION FOR RECONSIDERATION**

Before the Court is the motion of Petitioner Michael Keselica ("Petitioner") for reconsideration of this Magistrate Judge's memorandum and order of December 8, 2006. See Petitioner's Objection and Motion for Reconsideration to This Court's Memorandum and Order Denying Six Motions Filed by Petitioner (Document ("Doc.") #18) ("Motion for Reconsideration" or "Motion"); see also Memorandum and Order Denying Six Motions Filed by Petitioner (Doc. #15) ("Memorandum and Order of 12/8/06"). Petitioner seeks reconsideration on the ground that the Court issued the Memorandum and Order of 12/8/06 prior to receiving Petitioner's Response to Respondents['] Objection to Invoke Jurisdiction (Doc. #17) ("Petitioner's Response"). See Motion at 2.

Petitioner's Response was received on December 11, 2006. The Court has reviewed the arguments contained therein and finds nothing which warrants reconsideration of the Memorandum and Order of 12/8/06.[1] Accordingly, the Motion for Reconsideration

---

[1] Among the arguments which Petitioner makes is that "[t]he doctrine of exhaustion of state remedies in habeas corpus cases does not apply to extradition." Petitioner's Response to Respondents['] Objection to Invoke Jurisdiction (Doc. #17) at 7 (quoting Johnson v. Dye, 175 F.2d 250, 256 (3rd Cir. 1949)). Not only is this statement contrary to long standing First Circuit law, see Lyon v. Harkness, 151 F.2d 731, 732 (1st Cir. 1945), the case which Petitioner quotes,

is DENIED.

ENTER:

David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 9, 2007

BY ORDER:

Deputy Clerk

---

Johnson v. Dye, was reversed by the United States Supreme Court, see Dye v. Johnson, 338 U.S. 864, 70 S.Ct. 146 (1949)(citing Ex parte Hawke, 321 U.S. 114, 64 S.Ct. 448 (1944)). In fact, "Dye v. Johnson has been widely interpreted by the Courts of Appeals as requiring the petitioner to exhaust his state remedies as a prerequisite to seeking habeas corpus in a federal court to avoid extradition." Tickle v. Summers, 270 F.2d 848, 850 (4th Cir. 1959)(citing cases); accord Giles v. Merrill, 322 F.2d 786, 787 (10th Cir. 1963); see also Booker v. Taft, No. 7:03-CV-263-R, 2004 WL 1253410, at *1 (N.D. Tex. June 8, 2004)("exhaustion of all available state remedies is a prerequisite to filing [a petition for writ of habeas corpus challenging extradition] in federal court"); Whelan v. Noelle, 966 F.Supp. 992, 997 (D. Or. 1997)("In the ordinary case, exhaustion of state remedies is a prerequisite to seeking habeas corpus in the federal court to avoid extradition.").