UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL KESELICA, Petitioner | ) |
| v. | ) C.A. 06-448 ML |
| WARDEN MCCAULEY, et al Respondents | ) |

PETITIONER'S RESPONSE TO AND/OR CLARIFICATION OF RESPONDENT'S OBJECTION TO PETITIONER'S OBJECTION AND MOTION FOR RECONSIDERATION TO THIS COURT'S MEMORANDUM AND ORDER DENYING SIX MOTIONS FILED BY PETITIONER

COMES NOW Petitioner, Michael Keselica, pro se, clarifying and/or responding to Respondent's Objection by stating the following:

1. Irrespective of its relevancy, Petitioner must strenuously object to the continued misapplication, or avoidance, of documentary fact by Respondent, the State of Rhode Island, as it can prejudice Petitioner in any current or future legal proceeding. Specifically, the State of Rhode Island's continued stance, albeit erroneous, that:

"The Petitioner had been free on bond pending appeal, during which time the special conditions of his probation requiring restitution remained in full force and effect."

Petitioner has maintained his position that this is a false statement and has further supported this fact with documentary evidence - the September 23, 1999 appeal bond which released Petitioner and the appeal bond's stated special conditions of Petitioner's release (emphasis added):

"I further agree to keep the peace and be of good behavior and agree to follow the conditions listed below":

"BOND IS CONTINGENT UNTIL SUCH TIME AS THE COURT OF APPEALS RENDERS A DECISION."

This Appeal Bond further states:

"If the defendant obeys all of the conditions listed in the Recognizance, the debt of this bond is void."

Petitioner's Appeal Bond was returned on November 18, 2002.

There is no special condition stating that Petitioner's probation requiring restitution remained in full force and effect, nor is there any Final Order or Judgment in Petitioner's case which countermands the revocation of Petitioner's probation and imposition of a seven year sentence. Actually, according to[1] Rhode Island Superior Court Justice Ragasta and the State of Rhode Island, specifically Assistant Attorney General John Corrigan, Petitioner is wanted by Virginia to finish serving a 7 year sentence.

Nor does this Respondent provide documentary evidence to rebut Petitioner's documentary evidence but merely presents hearsay.

If the State is going to present statement of facts, these facts must be 100% accurate — this statement is 100% inaccurate and must be removed or corrected in Respondent's Statement of Facts.

Finally, to clarify, Petitioner sought Reconsideration of this Court's December 8, 2006 Order as it did not have the benefit of reviewing Petitioner's December 11, 2006 Response to Respondent's Objection to [Petitioner's Motion to] Invoke Jurisdiction [of this Court]. This fact is clear and cannot be challenged by Respondent.

Furthermore, Petitioner maintains his position that this Court need-

[1] Stated on the record at Petitioner's January 5, 2007 habeas hearing.

ed to consider Petitioner's 12/11/06 Response before issuing its 12/8/06 Order because this Court relied only on the "Form" of Petitioner's October 4, 2006 Request for Permission to File a Successive Subsection 2254 Petition for Writ of Habeas Corpus — the fact that Petitioner stated his Motion was a Successive 2254 Petition versus relying on the "Substance" of Petitioner's Successive 2254 Petition which actually qualifies as a new non-successive 2254 Petition for the four claims cited and clarified by Petitioner in his December 11, 2006 Response, therefore this Court should reconsider its December 8, 2006 Order.

"It was the relief sought, not his pleadings title, that determined whether the pleading was a subsection 2255 motion." U.S. v. Nelson, No. 06-6071 (10th Circuit, Oct. 6, 2006).

WHEREFORE, this Court should determine, for the Record, that Respondent's assertion (1) "That the special conditions of the Petitioner's probation remained in effect while he was free on bond pending appeal of his violation adjudication" is factually incorrect as it involves hearsay versus evidentiary facts provided by Petitioner and this Court should accept Petitioner's invitation to reconsider its Memorandum and Order Denying Six Motions Filed By Petitioner dated December 8, 2006 with the facts presented in Petitioner's December 11, 2006 Response.

Respectfully Submitted,

[signature]

Michael Keselica
#131867
P.O. Box 8299
Cranston, RI 02920

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2007 a copy of the foregoing was mailed postage paid first class to Christopher Bush, Dept. of the Attorney General, 150 South Main Street, Providence, Rhode Island 02903.

[signature]

Michael Keselica